## Case No. 15,296.

### UNITED STATES v. HAND et al.

[6 McLean, 274.] 1

Circuit Court, D. Ohio. Oct. Term, 1854.

CONSPIRACY TO BURN VESSEL — RECOGNIZANCE — OFFENCE—COMMISSIONER—SURETY.

1. A recognizance taken by a commissioner of the circuit court, conditioned for the appearance of the principal "to answer the charge of a wilful and corrupt conspiracy to burn the steamboat Martha Washington on the Mississippi river," is void, as not describing an offense made punishable by any act of congress, and cognizable by the circuit court.

[Cited in U. S. v. George, Case No. 15,199; U. S. v. Hudson, 65 Fed. 73.]

2. By the 23d section of the act of congress of March 3, 1825 [4 Stat. 122], defining and punishing the crime of conspiring to cast away, burn, or destroy a vessel, the intention thereby to injure underwriters is an essential ingredient of the crime; and without the averment of such intention, no offense is described in violation of any act of congress.

3. The authority of a commissioner in arresting, holding to bail, or committing to jail, is expressly limited to complaints or charges importing an offense against the laws of the United States.

[Cited in U. S. v. Eldredge (Utah) 13 Pac. 679.]

4. The recognizance in this case, was void ab initio, and created no obligation on the principal to appear.

5. The bail was not therefore bound by this recognizance for the appearance of the principal, as it is of the essence of every undertaking by the bail or surety of another, that there should have been a valid obligation of the principal.

At law.

Mr. Morton, Dist. Atty., for the United States.

Ward & Swayne, for defendants.

LEAVITT, District Judge. This is a suit by scire facias on a recognizance taken by a commissioner of this court, by which Nicholson as principal, and [Linns] Hand and [Francis G.] Stratton as bail, acknowledge themselves, jointly and severally, to owe the United States the sum of five thousand dollars, upon the condition that said Nicholson shall appear before this court, at the term then next following, "to answer a charge of wilful and corrupt conspiracy for burning the steamboat Martha Washington, on the Mississippi river." The scire facias avers that the recognizance was duly returned to said court, and that, Nicholson failing to appear, a default against all the parties was entered. The scire facias has been returned served on the defendants Hand and Stratton, and not found, as to Nicholson. The defendants on whom service has been made, have appeared, and filed a general demurrer to the scire facias.

The main point urged in support of the demurrer, is, that the act charged in the recognizance, to answer which the defendants undertook for the appearance of Nicholson, is not an offense by act of congress, and therefore not cognizable by this court; and that the recognizance is a nullity, creating no obligation on the principal or his bail. This objection is fatal to this action. There is no statute of the United States, which punishes a conspiracy to burn a steamboat on the Mississippi river. This recognizance was probably intended to provide for the appearance of the principal, Nicholson, to answer to charge of conspiracy to burn the steamboat named, with intent to injure certain underwriters. This is a crime defined and punished by the 23d section of the act of congress of March 3, 1825 (4 Laws U. S. 122 [4 Stat. 122]); but by its terms, the intent with which the alleged conspiracy is entered into, is an essential ingredient of the crime. By an inadvertence, this intent, as descriptive of the crime, is omitted in the recognizance; and the act set forth is not in violation of any act of congress, and therefore not within the cognizance of this court. Under the clause contained in the constitution of the United States, vesting in congress the power to regulate commerce among the states, it was no doubt competent for that body to punish the offense defined in the section above referred to; and this court, by its de-

cision, has sustained an indictment framed under it. But, in that case, the intent of the alleged conspiracy was set forth in the language of the statute; and it is clear, without such averment, the indictment could not have been sustained.

It results from this view, that the commissioner had no authority to take the recognizance of these parties, for the offense which it describes. The power conferred by the 33d section of the judiciary act of September 24, 1789 [1 Stat. 91], upon a judge or justice of the United States, or of a state, to issue warrants in criminal cases, and commit or hold to bail, is expressly limited to violations of the laws of the United States. And the same limitation is contained in the act of August 23, 1842 [5 Stat. 516] by which commissioners of the circuit court are authorized to exercise the same powers as are vested in a judge or justice, under the said 33d section of the act of 1789. This recognizance, being void ab initio, imposed no legal obligation on the principal to appear and answer to the charge which it set forth. And it is clear, if there was no legal obligation on the part of the principal, there was none on his bail. It is of the essence of all contracts or undertakings by a surety or bail, that there should have been a valid obligation of the principal. It is well said by a writer on this subject, that "the nullity of the principal obligation, necessarily induces the nullity of the accessory."

The demurrer to the scire facias is therefore sustained.