## STATE *v.* J. R. VION

A bond given for the appearance of the accused after he has been convicted of larceny is *null*, and the surety on such a bond will be discharged.

APPEAL from the District Court of St. Landry, *Dupré*, J.

*W. Mouton*, District Attorney, for the State. *Martel & Hardy*, of counsel, for the State. *T. H. Lewis & Porter*, for defendant and appellant.

LEA, J. *Jules Ponpeville* having been convicted of larceny, was, after con viction, permitted to give bond, with *Jean Remy Vion* as surety, for his appearance to receive and submit to such sentence as might "be passed upon him by the District Judge."

The prisoner having failed to appear when called to receive the sentence of the law, the bond was 'declared forfeited. It is urged on behalf of the appellant, that the bond having been exacted in violation of a prohibitive Art. of the Constitution, carries with it no obligations. It is evident that the District Judge had no right to exact the bond or to receive it when tendered, the offence of which the prisoner was convicted, being *punishable* by imprisonment at hard labor. If the bond given, was one conferring civil rights under a contract, we might be disposed to apply the maxim, "*volenti non fit injuria*," but the prohibition in Art. 104 of the present Constitution, was not intended for the protection of private rights which might be waived by parties in whose favor it was established, but it was intended to place beyond the reach of legislative control or of judicial action, a principle of public policy which in the case at bar has been violated. The consent of parties cannot give validity to a contract which is in direct violation of a constitutional prohibition established as above stated, not for the protection of private rights, but upon considerations of public policy.

It is ordered, that the judgment appealed from be reversed, and that there be judgment in favor of the defendant and appellant, *Jean Remy Vion.*

MERRICK, C. J. Perhaps it is in the power of the legislature to authorize the courts to admit to bail even after a verdict of guilty, as the Art. 104 of the Constitution may have been intended *in favorem libertatis.* But until such power is expressly granted, the prohibition contained in the Art. with its exceptions must be considered as the rule governing the courts. The Act of 1855, p. 155, sec. 32, does not confer the power, to admit to bail after verdict found. The term *conviction* in the Constitution was probably used in the sense of the finding of the accused guilty by the jury.

I therefore concur in the conclusion of my colleagues.