THE STATE, Respondent, v. RANDOLPH, Appellant.

1. After a justice of the peace having in charge the examination of a person under arrest upon a charge of crime issues his warrant of commitment and delivers the same to the sheriff, the prisoner can be discharged from custody,

on bail or otherwise, only by a court or magistrate authorized by law to issue writs of *habeas corpus*. Justices of the peace have no power to issue writs of *habeas corpus*.

2. The committing justice can not approve a recognizance taken by another justice; nor can a justice, who does not sit at nor assist in the examination, take a recognizance for the appearance of the prisoner.

### *Appeal from Callaway Circuit Court.*

This was a proceeding by *scire facias* upon a forfeited recognizance alleged to have been entered into by Robert D. Randolph as principal, and Robert Randolph as security, conditioned for the appearance of the former at the October term, 1854, of the Callaway circuit court. A demurrer to the *scire facias* was sustained. The supreme court reversed the judgment on the demurrer. (See 22 Mo. 474.) Robert Randolph, the security, then answered, alleging that after the examination of Robert D. Randolph upon the criminal charge for which he was arrested, the justice of the peace, W. B. Tucker, before whom the examination was had, required bail in the sum of $250, and issued a warrant of commitment and delivered the same to the sheriff; the sum required as bail was endorsed thereon; that after these proceedings, all of which were before said W. B. Tucker, were had, the defendant, the security, signed and acknowledged the bond sued on before a justice of the peace named Hook, who had not acted in the case and was not in any manner connected with the examination and commitment of the accused; that he, defendant, had never acknowledged or bound himself in a recognizance before Tucker in the proceeding mentioned in the *scire facias*.

The cause was tried by the court without a jury. The evidence adduced sustained the answer. The court found the facts as follows: "That Robert Randolph, jr., [Robert D. Randolph] was in the custody of the sheriff during his examination before William B. Tucker, justice of the peace; that he was to give bail in the sum of $250; that it was then night, and the sheriff held him in his charge until next day, when he presented his recognizance to Esquire Tucker, which was approved; that the security, defendant in this case, did

not appear before Esquire Tucker, but that recognizance was sent to him; that he signed and acknowledged it before another justice, and it was then brought to Esquire Tucker for his approval, which he gave, but did not enter his certificate of the fact until some time after, when by permission of the court he did so. On this state of facts the court finds for plaintiff the amount of recognizance, $250."

*Hardin* and *H. C. Hayden,* for appellant.

I. After the warrant of commitment had issued and was placed in the hands of the sheriff, no officer could bail the accused or take recognizance except one authorized to issue a writ of *habeas corpus,* which power is exclusively vested in judges of courts of record. (See R. C. 1845, p. 862, § 35.) Hook, the justice of the peace, having acquired no jurisdiction in the case, had no authority to take a recognizance. (State v. Randolph, 22 Mo. 480.) In the finding of the court it is said that the prisoner was in custody of the sheriff during his examination before the justice. This is an impropriety in law, for during the examination the prisoner was in court, and after its close the justice issued a warrant of commitment consigning him to the custody of the sheriff. After its issuance and delivery it was beyond the power of the justice to revoke or annul it, or by a verbal command to the sheriff to modify it; his jurisdiction over the case having ceased.

*Ewing,* (attorney general,) for the State.

I. The evidence supports the finding of the court and the finding supports the judgment. (Conrad v. Bennett, 22 Mo. 166.) The endorsement by the justice, before whom the examination was had, of his approval of the recognizance was not necessary to its validity. The omission to enter certificate of approval at the time was at most but an irregularity; if any thing more, it was cured by the subsequent endorsement of the justice *nunc pro tunc* by permission of the court. If the act of Justice Hook was a nullity, it could not affect

the recognizance. The warrant of commitment was to have no effect until after the time allowed the prisoner to give his recognizance had expired. The justice, Tucker, complied with his duty in taking the recognizance and certifying it to the circuit court.

RICHARDSON, Judge, delivered the opinion of the court.

It is a settled principle that a recognizance, to be valid, must be taken by a competent court or officer, under circumstances warranted by law, " and for the performance of some act that the law allows to be secured in that way, and in the form prescribed for that purpose." (22 Mo. 478.)

After the justice had issued his warrant of commitment and delivered it to the sheriff, his authority over the subject was exhausted, and the prisoner could only be discharged from custody, on bail or otherwise, by a court or magistrate authorized by law to issue a writ of *habeas corpus* (R. C. 1845, p. 862, § 35) ; and justices of the peace have no authority to issue the writ of *habeas corpus*. (R. C. 1845, p. 556, sec. 2.) The party bound must appear before the officer who takes his recognizance, and the committing magistrate can not approve a recognizance taken by another officer.

The justice then who took the recognizance had no authority for that purpose, because he had not tried or assisted in the trial of the case, and he could not issue a writ of *habeas corpus*, and the justice who tried the case had no authority over the subject, because he had committed the prisoner, and the parties bound did not appear before him.

In our opinion the recognizance was void, and all the judges concurring, the judgment will be reversed.