# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1859, AT JEFFERSON CITY.

[CONTINUED FROM VOL. XXVII.]

---

THE STATE, Appellant, v. NELSON *et al.*, Respondents.

1. A justice of a county court is not authorized to let to bail a person indicted for a bailable offence unless the indictment is pending in his county.

*Appeal from St. Clair Circuit Court.*

*Ewing*, (attorney general,) for the State.

*Wright*, for respondents.

I. The recognizance is void and the demurrer was properly sustained. The indictment was for a felony and was pending in the St. Clair circuit court, and a justice of the county court of Dallas county had no right to let the prisoner to bail. (State v. Ramsey, 23 Mo. 327.)

RICHARDSON, Judge, delivered the opinion of the court.

The defendant Nelson was indicted in the circuit court of St. Charles county for a felonious assault. The writ was issued to the sheriff of Dallas county, where the defendant

2—VOL. XXVIII.

was arrested and let to bail by a justice of the county court of the latter county.

A recognizance is void if not taken by a competent court or officer ; (26 Mo. 213 ;) and the only question in this case is whether a justice of the county court can let to bail a defendant indicted for a bailable offence unless the indictment is pending in his county. The statute provides (R. C. 1855, p. 1179, § 33) that "where the indictment is for a bailable offence, the defendant may be let to bail by the court in which such indictment is pending, or, if such court be not sitting, by the judge thereof, or by any judge or justice of the county court of the county in which the indictment is pending." "Where the indictment is for a misdemeanor the sheriff may himself admit the defendant to bail," &c., (§ 34,) but "no court or officer other than those specified in the last two sections shall let to bail any person indicted for any offence." (§ 35.) In our opinion the recognizance was void and the demurrer was properly sustained to the *scire facias*.

Judge Scott concurring, the judgment will be affirmed. Judge Napton absent.