THE STATE, Respondent, v. ANDREWS, Appellant.

1. The act regulating dram-shops, approved December 13, 1855, (R. C. 1855, p. 683) and the act to tax and license merchants, approved December 11, 1855 (R. C. 1855, p. 1077, § 22,) did not affect the validity of an unexpired grocer's license granted previous to May 1, 1856.
2. The revised code ot 1855 repealed the third section of the act of March 25, 1845, (R. C. 1845, p. 542) ; consequently a grocer, under an unexpired license granted previous to May 1, 1856, might permit intoxicating liquor sold by him after May 1, 1856, to be drank at a place under his control.

*Appeal from Polk Circuit Court.*

*Wright*, for appellant.

I. The court erred in permitting the State to give evidence

of a selling in less quantity than a quart and by the drink. (State v. Arbogast, 24 Mo. 363.)

II. The court gave improper instructions on the part of the State and refused proper instructions asked by the defendant. There was no law at the time the indictment was found, nor at the time the defendant sold the liquor by the quart, prohibiting the seller from permitting it to be drank at a place under his control.

*Ewing,* (attorney general,) for the State.

I. Evidence of sale in less quantities than a quart was properly admitted because the offence consisted in a sale of *any* quantity and permitting the same to be drank at a place under defendant's control. (Groceries and Dram-shops, R. C. 1845, p. 542; State v. Cooper, 16 Mo. 552; Chitty Crim. Law, 295; 1 Greenl. § 63, 65; 2 Russell, 791–2.)

II. The grocer's license in evidence was issued under the act of 1853, (Sess. Acts, 1853, p. 111,) to continue for one year. The indictment was therefore properly framed under the act of 1845, and evidence as to permitting the liquor to be drank at a place under defendant's control was competent and relevant. (State v. Andrews, 26 Mo. 174.)

Scott, Judge, delivered the opinion of the court.

On the 1st of November, 1855, the defendant, in pursuance to the provisions of the act of 1845 concerning groceries and dram-shops and the amendatory act of 1853 (Sess. Acts, 1853, p. 111) obtained a license as a grocer. By the second section of the act of 1845, a grocer was defined to be a person permitted by law to sell goods, wares, merchandise and intoxicating liquor in any quantity not less than a quart; and his license continued in force one year. The third section of the act of 1845 concerning groceries and dram-shops, prohibited any grocer from selling intoxicating liquors in a less quantity than one quart, and from suffering them, when sold by him, to be drank at his grocery or at any place under his control. The revised code of 1855 took effect May 1,

1856. By the dram-shop law contained in that code it was enacted, that no person shall directly or indirectly sell intoxicating liquors in any quantity less than one gallon, without taking out a license as a dram-shop keeper. In the case of the State v. Andrews, 26 Mo. 172, it was held that this last provision did not affect licences obtained under the acts of 1845 and '53, which had not expired.

The defendant was indicted for having sold a quart of whisky in June, 1856, and permitting it to be drank at a place under his control without a license for such sale. The evidence sustained the charge as to the selling and permitting it to be drank at a place under his control. It will from this be seen that at the time of sale the defendant's license as a grocer was in force.

When the revised code of 1855 took effect, the laws of the code of 1845 were repealed and with them the third section of the act concerning groceries and dram-shops. Now it is maintained for the State that, although the code of 1845 was repealed on the 1st of May, 1856, yet, as to the licenses granted under that code and continuing in force after its repeal, the third section of the act of 1845, above cited, continued in force so as to punish grocers dealing in virtue of those licenses for a violation of it. The legislature could not revoke a license which had been sold and paid for, but they could repeal a statute which punished a violation of the law under which it had been granted. The argument is founded on the idea that the third section of the act of 1845 was a part of and so inseparably connected with the license, that the license would give that section vitality so long as it continued in force. The second section of the act of 1845 defined a grocer as has been stated. The third section was separate from and independent of the second section. It was as though it had been placed in another act. If the third section had been placed in the act concerning crimes, and that act had been repealed, could a grocer have been punished for a violation of it? Can it make a difference that it is placed in the same act which grants the license? If one

purchases from the legislature the privilege of carrying on a business for a stated term, and at the time of the purchase there is a law regulating the exercise of the privilege and making the abuse of it penal, if that law is repealed whilst the right to exercise the privilege continues, how can its abuse be punished after the repeal of the law?

I do not see how the indictment in this case could reach the offence of suffering liquor to be drank at the place of sale or other place under the control of the grocer. That is not the offence set forth in the indictment. The charge is for selling a quart of whisky and permitting it to be drank at a place under the control of the defendant without having a license authorizing the sale of said liquor. Under such an indictment, if a license to sell is produced, is it not an answer to the charge? It is obvious that where the offence intended to be punished is only the suffering the liquor to be drank at the place of sale, the indictment must be differently framed from one charging a sale without a license.

Reversed; Judge Richardson concurs. Judge Napton absent.