CASE 7—INDICTMENT—JUNE 6.

# Commonwealth vs. Fisher.

APPEAL FROM HART CIRCUIT COURT.

A single justice has no power to require or to receive bail from one brought before him charged with a felony, and such a bond is not good for any purpose.

Jno M. Harlan, Attorney General, for Commonwealth.

W. B. James, on same side, cited *Crim. Code*, secs. 66, 80.

W. B. Read, for appellee, cited 14 *B. Mon.*, 390; 18 *B. Mon.*, 28; 1 *Met.*, 319; *Crim. Code*, sec. 66.

CHIEF JUSTICE MARSHALL DELIVERED THE OPINION OF THE COURT:

Lewis Fisher having been brought before a single justice of the peace on a charge of robbery, confessed his guilt, and the justice adjudging, as his record says, that he be held to

bail in $1,000, a bond in the usual form, for his appearance at the succeeding term of the circuit court, was accordingly executed by himself and several sureties of the name of Fisher, all of which was done before and under the authority of the same justice, without the co-operation of any other. At the succeeding term of the circuit court Lewis Fisher was indicted for robbery. At the same term an entry of forfeiture of the bond was made for failure of the defendant to appear, and a summons was awarded against the sureties to show cause, &c. The defendants filed a demurrer to the proceeding, and the court adjudged that the bond be quashed and held for nought. The Commonwealth appeals.

There being no statute which authorizes a single justice of the peace to require or take from a prisoner charged with felony a bond for his appearance in the circuit court to answer the charge, the bond taken in this case was not good as a statutory bond, and the proceedings for its enforcement as such were unauthorized by law, and, according to the principle applicable to bonds taken without legal authority by officers from prisoners in their custody, the bond in this case was not good for any purpose.

Wherefore, the judgment is affirmed.