## NAT GRAY et al. *vs.* THE STATE.

[JUDGMENT ON FORFEITED RECOGNIZANCE.]

1. *Bail; how taken in term time.*—An order of the city court of Montgomery, saying the accused party may be admitted to bail, in a case of felony, does not authorize the sheriff, *in term time,* to admit the party to bail, and take a recognizance for that purpose ; such a recognizance is null and void.
2. *Description of different offense in recognizance, from that in indictment, as affecting validity of judgment against sureties.*—If the indictment is for the crime of *burglary,* a recognizance to answer to an indictment for *perjury,* will not warrant a judgment against the sureties for the failure of their principal to appear and answer to an indictment for *burglary* ; such a case is not within the influence of § 4245 of the Revised Code. It is not the misdescription of an offense, but the description of an altogether different offense. Sureties, in such a case, have the right to stand upon the terms of their contract.

From the City Court of Montgomery.
Tried before the Hon. J. D. CUNNINGHAM.

The facts of this case are fully set out in the opinion.

ELMORE and GUNTER, for appellants.—1. The sheriff's authority to take bail is entirely statutory, and, therefore, must be exercised in the cases, and in the manner, directed by the statute.—*Antonez v. The State,* 26 Ala. 84 ; *Governor v. Jackson,* 15 Ala. 703 ; *Button v. Foster,* 14 Ala. 325.

2. In cases of felony, the sheriff can not take bail except *in vacation,* and upon being *expressly authorized* by a proper court or judge, and the bond is therefore void in this case, being taken in term time by an incompetent officer.—15 Ala. 703 ; Revised Code, § 4233.

3. The order of the court in the present case, went no further than to determine that the defendant could be admitted to bail, and to fix the amount of the bond. There was no delegation, " or direction" of authority to the sheriff, or to any one else, to take the bail.—*Antonez v. The State,* 26 Ala. 84.

4. Even though the sheriff had been expressly authorized by the court to take the bail, it could not legally have been taken in *term time.* The court can not delegate its powers except as expressly authorized by law ; and the law is explicit that the sheriff can have power in that behalf only " *in vacation,*" upon being directed by the court.—26 Ala. 84 ; Revised Code, § 4241.

5. The essence of the undertaking of bail is the appearance of the defendant ; but, though this is the case, it would manifestly be improper for the court to render judgment against sureties for the appearance for *one offense,* on a default for an entirely different matter. A criminal may have several bail bonds for his appearance at the same term, for different crimes. It is clear that each one must be liable only on his own undertaking. In this case, the bond is to appear to answer an indictment for perjury, and the bail are made liable for a default for *burglary.* The names of the sureties do not appear in the body of the bond.

JOSHUA MORSE, Attorney-General, *contra.*—The judge of the city court has the power, " during term time, by an order entered on the minutes, to fix the amount of bail required in all cases of bailable felonies pending in the court, and direct the sheriff to take bail in vacation."

This is exactly what the court did in this case. The mere fact that the parties executed the bond before the adjournment of court, can not invalidate the order. The case of *Antonez v. The State,* 26 Ala. 84, is not in point. The powers of the court to fix bail, did not exist at that time. Section 690 of the Penal Code; § 4241 of Revised Code, clearly grant the power exercised in this case.—*Antonez v. The State,* 26 Ala. 81 ; Revised Code, §§ 4233 and 4241.

2. The judgment of the court was correct. The obligors, in the case below, can not take advantage of the variance between the indictment and the bond, in the mere matter of the description of the offense.—See Revised Code, § 4245 ; *State v. Whitley,* 40 Ala. 728 ; *State v. Eldred,* 31 Ala. 393 ; *Vasser v. The State,* 32 Ala. 586 ; *State v. Weaver,* 18 Ala. 293, and cases there cited.

Nat Gray et al. v. The State.

PECK, C. J.—At the February term of the city court of Montgomery, an indictment was found against Nat, *alias* Nat Gray, for burglary.

At the same term an order was made, by the court, to admit the accused to bail, in the sum of one hundred and fifty dollars.

A capias was issued, the accused arrested, and *during the term time of the court,* the sheriff admitted the accused to bail, taking his recognizance, with appellants as his sureties. The capias was for the arrest of the accused, on a charge of *burglary,* but the recognizance is, to answer an indictment for *perjury.*

At the June term, a forfeiture was taken, and a judgment *nisi* was entered against the accused, and the appellants for his failure to appear and answer an indictment for burglary. This judgment, at the succeeding October term, was made final.

On the trial to make the judgment *nisi* final against said appellants, they appeared and objected to said judgment being made final, " upon the following state of facts :" It appeared that the said Nat Gray stood indicted for burglary in said court; and that during the session of said court, on the fifth day of March, 1868, an order was made that the accused might be admitted to bail in the sum of one hundred and fifty dollars, conditioned as the law prescribed, and that afterwards, on the seventh of March, 1868, the sheriff of Montgomery county, *during the session* of said city court, and at the same term at which said order was made, took said recognizance, which is the foundation of said judgment *nisi,* which said recognizance is in the following words and figures : (Here follows a recognizance in the usual form, to appear and answer an indictment for perjury.)

It was admitted said Gray made default, and that said appellants had been served with notice of said conditional judgment. These were all the facts in the case, in evidence; and on these facts, by consent of both parties, it was submitted to the court to be decided, whether said appellants were liable on said recognizance, " the same as if all the

questions presented by the above state of facts had been properly raised by pleading."

The court decided for the State, and made the said judgment *nisi* final. The appellants excepted, and their bill of exceptions was signed and sealed, in which all these matters are stated. An appeal brings the case here for revision.

1. The first question to be considered is, as to the validity of the recognizance, upon the alleged forfeiture of which the judgment sought to be reversed is based. If the sheriff had no authority to take it, then it is null and void, and the judgment founded on it must be reversed. We think it clear that the order of the court fixing the amount of bail, gave the sheriff no authority to do so. Certainly, it did not authorize him to take bail in this case, *being a felony*, during the session of the court at which the order was made. If the order is a valid order, it would only have authorized the sheriff to take the bail in vacation. The order is very defectively made, and does not, in words, give the sheriff any authority to take bail at any time. It is as follows :

"The State          }   *Burglary.* February term, 1868.
239        vs.          }  May be admitted to bail in the sum
  Nat Gray, negro.  }  of one hundred and fifty dollars."

Section 4241 of the Revised Code, provides that "circuit and city judges may, during term time, by order, entered on the minutes, fix the amount of bail in all cases of bailable felonies pending in the court, and direct the sheriff to bail in vacation." Thus, it is seen, the order does not directly give the sheriff any authority whatever in the matter, and if it did, and authorized him to take bail during the term of the court, it would have been a worthless order ; the court could delegate no such power and give it to the sheriff.—*Armstrong v. The State*, 26 Ala. 81. But the court does not pretend to do any such thing ; the order, at most, merely determines that the offense is bailable, and fixes the sum. There is no direction whatever to the sheriff. The decision of this question settles the case ; the judgment must be reversed.

2. There is another question that we hold to be equally

fatal to the judgment as the one above decided. It is this ; the indictment is for *burglary*.

The order of the court fixing the amount of bail is a case for *burglary*. But the recognizance is in a case for *perjury*. The judgment *nisi*, is for failing to appear to answer to an indictment for *burglary*. The appellants never stipulated that their principal should appear to answer to an indictment for burglary. We see no reason why sureties in such a case have not the same right to stand upon the terms of their contract, as well as in any other. They did not stipulate to answer for the appearance of their principal for a charge of *burglary*, but for the offense of *perjury*. This is not a case that falls within the influence of section 4245 of the Revised Code ; that provides for the misdescription of an offense, but not for a case, where the offense is utterly of a different character. For instance, if the offense in the indictment is for stealing in a dwelling-house, and the offense in the recognizance is for stealing generally. In such a case, the offense would be misdescribed, and would be cured by the said section ; but this is not such a case.

The judgment of the court below is reversed and cause remanded.