JUDGE HARDIN
delivered the opinion oe the court.
Sidney Herbert being arrested for felony in the city of Lexington, and brought for an examination of the charge before the mayor of the city, acting as judge of the city court, in the absence of the regular judge, but without being first sworn as required by law (1 Revised Statutes, 338), that officer adjourned the examination till a subsequent day, and made an order in the records of the court permitting said Herbert to give bail in the sum of one thousand five hundred dollars, and in default thereof directing that he be committed to jail.
After the adjournment of the court by the mayor, the appellant, J. A. Dugan, executed before George R. Letcher, an acting deputy clerk of said court, a bond in said sum of one thousand five hundred dollars for said Herbert’s appearance to answer said charge in said court, according to the order of the mayor, and thereupon Herbert was discharged from custody.
Herbert failed afterward to appear to answer said charge, and the bond, indorsed “forfeited” by the judge of said court, was filed in the Fayette Circuit Court, together with a transcript of the record of said city court, and thereupon the commonwealth proceeded by a summons against the appellant for the recovery of the sum specified in the bail bond, according to the provisions of chapter 4. of title 5 of the Criminal Code.
The defendant filed an answer resisting a recovery against him on several grounds, which being held to be insufficient, the court rendered a judgment against him for one thousand five hundred dollars, from which he has appealed to this court.
"Waiving the questions whether the mayor was authorized to act in the absence of the judge of the city court in his place as an examining court, and if he was *307 whether his acts in this case were not void because of his failure to take the oaths required by law, and the further question whether Letcher was authorized to take the bail if the principal clerk could have done so, we will proceed at once to consider whether bail which has been fixed by a competent examining court can be approved and taken by any other person than the judge or other officers or justices constituting the court.
By the charter of the city of Lexington, the clerk of the city court is authorized “to perform all the duties which usually pertain to the office of clerk of a court in this commonwealth;” and assimilating the authority of an examining court with that of the circuit court in relation to the admission of persons to bail, it is insisted for the appellant that, as the clerk of the latter court may take bail which has been fixed by the court in the absence of the judge, it was competent for the clerk of the city court to take the bail which had been fixed in this ease by the mayor. But this could only be so if the power exercised by the mayor was embraced by the general jurisdiction of the city court, and was not in a restricted sense merely conferred on the judge or other officer who might hold the court as one of a designated class of persons who might constitute an examining court; for the law prescribing the duties of such a court does not contemplate the services of a clerk.
The 70th section of the charter of Lexington (Acts 1867, p. 453), after prescribing the general jurisdiction of the city court, provides that, “as to committing criminal offenders, and sending them on for trial, said court shall have the powers of two justices of the peace of Fayette County;” and section 82 provides “that all recognizances taken by the judge of the city court, when the.day is given for the appearance of the party, except in *308 cases in which he has jurisdiction to try the matter, shall be for appearance in the Fayette Circuit Court; and all recognizances, except those above excepted, shall be returned to the clerk of the said court, under the hand of the said judge, and shall be docketed as recognizances taken and returned by magistrates. The said judge, on the examination of criminal offenders, shall make out a statement of the evidence, and shall recognize the witnesses, and shall return the statement of the evidence and recognizance to the clerk of the Fayette Circuit Court.”
As we construe these provisions of the statute, they were intended to confer on the judge of the city court the same powers and duties which two justices of the peace may exercise when constituting an examining court under the provisions of title 4 of the Criminal Code; and like them he must, as an examining court, conform his action to the law defining its duties, independently of the rules of procedure in the court of record of which he is a judge. As such he is empowered to take bail when fixed by him, or in default-thereof to commit the defendant; but in such a case the law governing an examining court makes no provision for the acceptance of the bail by a clerk.
We are of the opinion therefore that the bond taken by the deputy clerk was unauthorized and not obligatory, and that the judgment is erroneous.
Wherefore the judgment is reversed, and the cause remanded, with directions to dismiss the action.