THE STATE OF MISSOURI, Appellant, *v.* THOMAS FERGUSON, Respondent.

1. *Criminal law — Indictment — Recognizance* — Habeas corpus. — After indictment, a justice of a County Court other than the county where the indictment is pending has no power to take a recognizance for the appearance of a prisoner, unless he is brought before such justice by writ of *habeas corpus.*

*Appeal from Linn Circuit Court.*

*D. Metcalf*, Circuit Attorney, for appellant.

The respondent having voluntarily and upon his own motion entered into recognizance, the law presumes that all the steps necessary to give the justice of the County Court jurisdiction had been taken. (The State v. Woolery *et al.*, 39 Mo. 525; The State v. Rogers *et al.*, 36 Mo. 138.)

*G. D. Burgess*, for respondent.

The case of The State v. Woolery is not in point. In that case the defendant was brought before the County Court justice by writ of *habeas corpus*, while in the case at bar no such writ was ever issued.

ADAMS, Judge, delivered the opinion of the court.

The defendant was indicted in the Linn Circuit Court for a felonious assault. A *capias* issued to the sheriff of Chariton county, where he was arrested by the sheriff and taken before a judge of the County Court of Chariton county, who took his recognizance for his appearance at the next term of the Linn Circuit Court. A forfeiture was taken of this recognizance, and a *scire facias* was issued and served on the defendant, who filed a demurrer; and the court sustained the demurrer upon the ground that the justices of the Chariton County Court had no power to take the recognizance.

A recognizance is void unless it be taken before a proper officer. (See The State v. Randolph, 22 Mo. 474, and 26 Mo. 213.)

After indictment a justice of a County Court other than the county where the indictment is pending has no power to take a

recognizance for the appearance of the prisoner unless he is brought before such justice by writ of *habeas corpus*. (Wagn. Stat. 1092, §§ 33–35; The State v. Nelson, 28 Mo. 14.) It appears affirmatively from the record that the defendant was taken by the sheriff as a prisoner, arrested by a *capias*, and not under *habeas corpus*, before the justice of the County Court, and admitted to bail.

The doctrines laid down in The State v. Rogers *et al.*, 36 Mo. 138, and The State v. Woolery, 39 Mo. 525, do not apply to this case. In these cases it was assumed that the parties had been brought before the justice by *habeas corpus*, and the justice having acquired jurisdiction to hear and determine the *habeas corpus*, had the right to bail the prisoner. Such was not the case here. It appears here that the sheriff, after arresting the prisoner, on his own motion took him before the justice.

. Let the judgment be affirmed. The other judges concur.