Wheeler v. Standley.

———————•———————

R. J. WHEELER, Appellant, *v.* JOSEPH STANDLEY, Respondent.

1. *Evidence — Bills and notes — Lack of consideration — Fraud.* — When, in a suit on his non-negotiable notes, the defendant alleges that the notes were a part of the purchase-money for certain real estate, which was conveyed to him by an alleged attorney in fact, and that the power of attorney was a forgery, such an allegation is a good defense.

2. *Conveyances — Covenants of warranty — Absence of fraud — Possession of
the property.* — When there is no fraud, and a party receives a conveyance
with covenants of general warranty, he cannot retain possession, and set up
failure of consideration when sued for the purchase-money.

*Appeal from Linn Court of Common Pleas.*

*A. W. Mullins*, for appellant.

*G. D. Burgess*, for respondent.

Where fraud has been practiced it is not necessary for the pur-
chaser to reconvey.  (2 Sugd. Vend. 126; Masson v. Bovet, 1
Denio, 69; Chesterman v. Gardner, 5 Johns. Ch. 29; Abbott v.
Allen, 2 Johns. Ch. 519; Bumpus v. Platner, 1 Johns. Ch. 213;
2 Kent Com., 6th ed., 471; Glasscock v. Minor, 11 Mo. 657;
Smith v. Richards, 13 Pet. 26.)

ADAMS, Judge, delivered the opinion of the court.

This suit was brought by plaintiff as assignee of a non-nego-
tiable note.   The defendant set up the defense that the note was
procured from him by fraud, in this : that it was given as a part
of the purchase-money for a tract of land, and obtained from him
by one A. Conlin, who fraudulently represented that he was the
attorney in fact of W. R. Roberts, the alleged owner of the land,
and falsely represented that Roberts was the real owner of the
land; and the defendant charges that the power of attorney was
a forgery and all the title papers of Roberts were forgeries, and
that Roberts was a man of straw and had no real existence.

The plaintiff replied, denying these allegations, and setting up
that the defendant had given a deed of trust on the land, and part
of it had been sold, and he was unable to convey it back.

The case was submitted to the court, and at the close of the
evidence the plaintiff asked declarations of law to the effect that if
the note was given for land, for which a deed with general war-
ranty had been executed to the defendant, and that he had taken
possession under such deed, and had ever since remained in pos-
session, and had expended nothing in obtaining adverse titles, then
the finding and judgment must be for plaintiff; and if he had

given a deed of trust to secure part of the purchase-money, and a part of the land had been sold under the deed of trust, the court must find for plaintiff.

The court refused to declare the law as asked by plaintiff, and found for defendant, and the plaintiff filed a motion for a new trial, which was overruled.

When there is no fraud, and a party receives a conveyance with covenants of general warranty for title, he cannot retain possession, and set up a failure of title when sued for the purchase-money. His remedy is upon the covenant in his deed, after eviction by paramount title. This, however, is not that case. The defense here is that there was no deed at all; that the power of attorney was a forgery and all the title papers forgeries; and the proofs strongly tended to establish those facts. The plaintiff's declarations of law did not touch the defense relied on, and it is unnecessary to discuss them. The defense was undoubtedly good, and the finding and judgment of the court was for the right party.

Judgment affirmed. The other judges concur.