State vs. Anselm.

No. 10,740.

THE STATE OF LOUISIANA VS. GILBERT ANSELM.

1. Section 854 of the Revised Statutes denounces two different crimes of burglary: (1) An entry in the night time without breaking, and (2) breaking or entering in the day time.

2. In charging the former, it is essential to allege that the entry was made in the night time; but in charging the latter, it is not essential to allege that the breaking or entry was in the. day time—an averment of a breaking or entry being sufficient.

3. In case the defendant is charged with and has been convicted of a crime which is necessarily punishable with imprisonment 'at hard labor, and upon motion in arrest of judgment, the indictment is held to be defective and wanting in essential averment and set aside, he is not'entitled to bail pending a suspensive appeal on part of the State.

APPEAL from the Thirteenth District Court, Parish of St. Landry. Lewis, J.

_____

*Walter H. Rogers*, Attorney General, for the State, Appellee.

_____

*Jules Gil* and *E. P. Veazie* for Defendant and Appellant.

_____

The opinion of the court was delivered by

WATKINS, J.    The State is appellant from a judgment of the District Judge sustaining defendant's motion in arrest of judgment, on the ground that the information is wanting in essential averment.

It charges the defendant with burglary, alleging that he " did feloniously and burglariously break and enter the store house of Arthur Veltin with intent to steal," etc., but without alleging that he burglariously entered said store house either " in the day time" or " in the night time."

The information was evidently framed under the provisions of Revised Statutes, Sec. 854, which are as follows, viz:

" Whoever, with intent to kill, rob, steal, commit a rape, or any other crime, shall *in the night time enter without breaking*, or in *the day time* break or enter any dwelling house," etc.

This section of the statutes differs from the preceding sections, 850, 851 and 852, in this, that they specify, as an essential element of the crime of burglary charged therein that the *breaking and entry* shall be in the *night time;* while it specifies that the *only* essential to

the commission of the crime of burglary therein charged is an *entry in the night time without breaking*, or a *breaking or entry in the day time*.

Different grades of the crime of burglary are denounced in each of those different sections. The punishment affixed to that denounced in Section 850 is death. That in Section 851 is imprisonment at hard labor for not exceeding fourteen years. That in Section 852 is imprisonment at hard labor for not exceeding ten years. And that in Section 854 is imprisonment at hard labor not exceeding five years.

They are crimes generic in character, but differing in gravity.

In the last named section a simply felonious *entry in the night time* is declared to be and denounced as just as grave and serious a crime as a *breaking or entry in the day time*.

Each is a specific and distinct offence. Of one a *breaking* is a non-essential; and of the other a *breaking or entry* is an essential element.

Of the burglary committed in the night time an averment should be made that the *entry* was made in the *night time without breaking*; but of the burglary committed in the day time an averment may be made that the breaking *or* the entry occurred in the day time.

Therefore, if a breaking or entry in the day time is burglary in the sense of that statute, the mere averment in the indictment that the accused did break or enter a dwelling house would seem to be sufficient, without the addition of the words "in the day time." But, if the accused be charged with the crime of burglary, which is denounced under any of the other sections of the statutes, or under the alternative provision of Section 854, in which the night time is of the essence of the offence, an indictment would not be sufficient without it.

The object to be attained by an indictment or information is to convey to the accused a clear and concise statement of the offence charged against him, so as to enable him to prepare his defence. It ought to be sufficiently clear and specific to enable the accused to plead it in bar of a further or additional prosecution.

These requirements have been, in this information, sufficiently complied with, and same is not, in our opinion, wanting in any essential averment, and the judge *a quo* erred in quashing it.

The complaint of the defendant's counsel, that the trial judge de-·clined to allow him bail *pendente lite*, is without any foundation. At the time the defendant's motion in arrest was filed and sustained he was held in custody under conviction of a crime which is punishable with imprisonment at hard labor. Notwithstanding the judge *a quo* sustained the motion, the State suspensively appealed therefrom, and thus maintained the *status quo* during the pendency of the appeal.

The Constitution provides that " all persons shall be bailable by sufficient sureties, unless for capital offences, when the proof is evident, or presumption great, or unless after conviction for any crime or offence punishable with death, or imprisonment at hard labor." Art. 9.

We think the judge correctly declined to allow the defendant bail at the stage of the proceedings at which his application was made.

Judgment must be reversed.

It is therefore ordered and decreed that the judgment appealed from be reversed, and that the information and verdict thereunder. be reinstated, and the cause remanded for further proceedings and ·decree therein as may conform to law and the views herein expressed.