The State of Missouri, Appellant, v. Henry Watson
et al., Respondents.

St. Louis Court of Appeals, May 23, 1893.

**Criminal Law**: BAIL: RECOGNIZANCE TAKEN WITHOUT PREVIOUS ISSUE OF
WRIT OF HABEAS CORPUS. When a person has been indicted and arrested
for a bailable offense, only the judge of the court wherein the indict-
ment is pending has authority to admit him to bail without first issu-
ing a writ of *habeas corpus* for him; and if any other judge admits him
to bail and takes his recognizance without first issuing that writ, the
recognizance is void and unforceable.

*Appeal from the New Madrid Circuit Court.*—Hon.
H. C. O'Bryan, Judge.

Affirmed.

*R. B. Oliver*, for appellant.

*Wilson Cramer*, for respondents.

Bond, J.—The defendant Watson was indicted for
forgery by the grand jury of New Madrid county, and,
at the same term of court when the indictment was
found, the circuit court entered an order of record
fixing Watson's bail at the sum of $300. Watson was
subsequently arrested and lodged in jail. In the
absence of the circuit judge from the county, the pro-
bate court of New Madrid county admitted Watson to
bail, and in so doing took a recognizance from him in
the sum of $300, which, as above seen, was the amount
of his bail as fixed by the circuit court. The defend-
ants, Dawson and Young, signed this recognizance as
Watson's sureties. When the forgery case was called
for trial in the circuit court, Watson failed to appear,
and the court entered a conditional judgment of for-

feiture on the recognizance, and issued a *scire facias* against the sureties, requiring them to appear and show cause why the judgment should not be made absolute. The sureties appeared and answered that the recognizance was void, because the officer taking and approving the same had no legal right so to do. It appearing upon the trial of the *scire facias* that the probate court had taken the recognizance without first issuing a writ of *habeas corpus* for Watson, the court rendered a judgment in favor of the defendant sureties. The state appeals, and assigns for error that this judgment under the conceded facts is erroneous.

We are of the opinion that the probate court under the circumstances had no authority to admit Watson to bail, and that for this reason the recognizance taken by him is absolutely null and void. A recognizance is in the nature of a confession of a judgment, to be suspended or vacated if the principal in the bond personally appears and answers to the indictment or information preferred against him. The requisites of such a recognizance are "that it be taken by a *competent court or officer, in a case existing before such authority*, and for the performance of some act that the law allows to be secured in that way, and in the form prescribed for that purpose." *State v. Randolph*, 22 Mo. 474.

*After indictment* the judge of the court where the indictment or information is pending may admit a prisoner to bail without issuing a writ of *habeas corpus* (Revised Statutes, 1889, sec. 4123), but no other judge has such authority. This has been expressly decided by the supreme court in the recent case of *State v. Field*, 20 S. W. Rep. 672. It was said in that case that "the judge of the court under whose process the accused is in custody has power (within his jurisdiction) to act in

the matter of bail without issuing any writ of *habeas corpus*. Revised Statutes, 1889, sec. 4123. But where some other judge must be invoked, and the use of that writ becomes necessary, section 5414 is intended to define the line of procedure thereon.''

The cases of *State v. Nelson*, 28 Mo. 13, and *State v. Ferguson*, 50 Mo. 409, were decided under section 33, Revised Statutes, 1855, p. 1179. This section, which conferred jurisdiction on a judge of the county court where the indictment was pending to admit a person to bail, was repealed in the revision of 1879, and section 1829 of the Revised Statutes, 1879, now section 4123, *supra*, was enacted in its stead. The decision in the case of *State v. McElhaney*, 20 Mo. App. 584, was governed by section 4049 of the Revised Statutes, 1889, which expressly provided that, when a defendant in a criminal case has been committed to jail by an examining magistrate, any judge of a court of record of the county, in the absence from the county of the judge of the court having criminal jurisdiction, may admit the accused to bail without issuing a writ of *habeas corpus*, provided the offense charged is bailable.

In the case of *State v. Woolery*, 39 Mo. 525, the defendant was admitted to bail by a judge of the county court. The recognizance was held to be valid for the reason that there was enough in the record to show that the defendant had been released on *habeas corpus* proceedings, and that, in the absence of proof to the contrary, it would be presumed that the proceedings were regular. In the present case it is expressly admitted that Watson was not admitted to bail on writ of *habeas corpus*.

It follows that the judgment of the circuit court will be affirmed. Judge BIGGS concurs. Judge ROMBAUER is absent.