The State v. Caldwell.

THE STATE v. CALDWELL *et al.*, GITCHELL, *Appellant.*

Division Two, November 5, 1894.

1. **Criminal Practice**: BAIL BOND. A bond or recognizance taken in a criminal case before an unauthorized person has no validity.

2. ———: ———: CLERK OF ST. LOUIS CRIMINAL COURT. The clerk of the St. Louis criminal court has no authority to take a bail bond, and one taken by him is not binding, though the court enter a *nunc pro tunc* order approving the bond after the discharge of the prisoner.

3. ———: ———: SCIRE FACIAS: JURY TRIAL. A surety is not entitled to a jury trial in a *scire facias* proceeding to enforce a bailbond.

4. ———: ———: ———: JURISDICTION. A court with power to take a bail bond has jurisdiction of a *scire facias* proceeding to enforce the same.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

REVERSED.

*Willis H. Clark* and *Harvey & Hill* for appellant.

(1) A recognizance taken by an unauthorized officer or person, is null and void, and can not be enforced, either as a statutory or common law obligation. 1 R. S. 1889, secs. 4049, 4123, 4126; 2 R. S. 1889, p. 2149, sec. 16; *State v. Randolph*, 26 Mo. 213; *State v. Nelson*, 28 Mo. 13; *State v. Watson*, 54 Mo. App. 416; *State v. Winninger*, 81 Ind. 51; *Morrow v. State*, 5 Kan. 563; *Dickenson v. State*, 20 Neb. 72; *Butler v. Foster*, 14 Ala. 323; *Antonez v. State*, 26 Ala. 81; *Gray v. State*, 43 Ala. 41; *Com. v. Roberts*, 1 Duv. (Ky.) 199; *Dugan v. Com.*, 6 Bush (Ky.), 305; *Clink v. Russell*, 58 Mich. 242; *Herron v. State*, 27 Texas, 337; *State v. Clark*, 15 Ohio, 595; *Powell v. State*, 15 Ohio, 581. (2) The trial court erred in refusing appellant's demand for trial by jury. Const. Mo. 1875, art. 2, secs. 28, 30; R. S. 1889, sec. 2131; *State v. Posey*, 79 Ala. 45; *State v. Chandler*, 79 Me. 172; *State v. Kinne*, 41 N. H. 238; *State v. Woerner*, 33 Mo. 216; *Milsap v. Wildman*, 5 Mo. 425; *Wolff v. Schaeffer*, 4 Mo. App. 367; *State v. Randolph*, 26 Mo. 213. (3) The trial court erred in sustaining respondent's demurrer to appellant's answer. Bliss on Code Pleading, sec. 417.

*R. F. Walker,* Attorney General, for the state.

(1) A *scire facias* is the name of a writ founded on some record requiring the defendant to show cause why the plaintiff should not have advantage of such record. 2 Bouvier's Institutes, sec. 3697, chap. 27. (2) A recognizance is an obligation of record in which the principal and sureties thereto have agreed with a condition to do a particular act. 2 Bouvier's Institutes, sec. 3715, chap. 27; *Dillingham v. U. S.*, 2 Wash. C.

C. 422; *State v. Smith*, 2 Me. 62; *Van Antwerp v. Newman*, 4 Cow. (N. Y.) 82. (3) The surety was not entitled to a jury on the *scire facias* proceeding. *State v. Rodgers*, 36 Mo. 138; *State v. Heed*, 62 Mo. 559; *State v. Randolph*, 22 Mo. 474; *State v. Peyton*, 32 Mo. App. 522.

SHERWOOD, J.—The state instituted this proceeding, *scire facias*, on a bond given for the appearance of Caldwell to answer to a charge of embezzlement, on which he was indicted in the criminal court of St. Louis city. Charles A. Gitchell was the surety of Caldwell on the bond, and the principal in the bond having practically abjured the realm, Gitchell was served with process, and, judgment being rendered against him for the amount of the recognizance, he appealed to the St. Louis court of appeals, whence the cause was transferred to this court.

I. The bond in this case, though the bill of exceptions shows that it was introduced in evidence, does not appear to have been read, nor is it preserved. But it appears very clearly that it was not taken or approved by the judge of the criminal court, but was taken by the *clerk* of that court, and hence possesses no legal or obligatory force whatever. The sections which designate by whom bail may be taken, and which make provision therefor, are as follow:

Section 4049. "Whenever any person shall be committed to jail on a warrant of commitment by any magistrate for a bailable offense, the recognizance, with proper security, may be taken by the court or judge of the court having criminal jurisdiction, and in case of the absence of the judge of such court having criminal jurisdiction from the county, such recognizance may be taken by any judge or justice of the county court, or any judge of a court of record."

Sec. 4123.   "When the defendant is in custody or under arrest for a bailable offense, the judge of the court in which the indictment or information is pending may let him to bail and take his bond or recognizance."

Section 16 of the act creating the St. Louis criminal court, 2 Revised Statutes, 1889, page 2149, provides as follows: "Whenever the judge of the St. Louis criminal court shall be sick or absent from the city, the judge of the St. Louis court of criminal correction may admit to bail any person charged with felony, who, under existing laws, may be entitled to be released upon bond."

Section 4126 provides that on certain contingencies a sheriff may take bail, but no such provision is to be found regarding a *clerk of a court.*

Now, it is abundantly settled that a bond or recognizance taken in a criminal cause, before an unauthorized person, has no savor of validity about it. *State v. Randolph,* 26 Mo. 213; *State v. Nelson,* 28 Mo. 13; *State v. Ferguson,* 50 Mo. 409.   Nor, where the bond or recognizance is taken before the *clerk of a court,* can it be afterwards validated by the entry by the court of a *nunc pro tunc* order approving the bond? *Morrow v. State,* 5 Kan. 563.   Consequently, even if Judge NORMILE approved the bond in question after the prisoner had been discharged by the unwarranted act of the clerk on the previous day, such approval, if given, was worthless and possessed no obligatory force, *even as a common law obligation.   Commonwealth v. Roberts,* 1 Duv. (Ky.) 199; *Dickenson v. State,* 20 Neb. 72; *State v. Clark,* 15 Ohio, 595; *Williams v. Shelby,* 2 Or. 144.

Under these views and authorities it results that the following declaration of law, asked by defendant at the close of the case, should have been given:

The State v. Caldwell.

"That, if on the date named in the bond, the principal and surety signed said bond before the clerk, not in the court room or in the presence of the court, and that thereupon the principal was discharged from custody, and that said bond was not taken, seen or approved by the court, or by the judge of the court before or at the time of the discharge, and said court or judge was not aware of such bond having been taken until the following day, and that said discharge from custody was without the court or judge's knowledge, consent or order, then the finding and verdict should be for the defendant."

II. Relative to defendant's right to trial by a jury, it is enough to say that we adhere to the conclusion reached in this regard in *State v. Hoeffner*, opinion per BURGESS, J., *ante*, p. 488.

III. The jurisdiction of the criminal court was questioned by a plea to that effect, but, if that court possessed jurisdiction to *take* a recognizance, it follows as night follows day, that it had the right to take such further steps as would render the recognizance effectual. The rule is universal in its operation that the grant of power or jurisdiction carries with it as inevitable incidents all matters necessary to crown the grant with ultimate effectuation. *State ex rel. v. Walbridge*, 119 Mo. *loc. cit.* 394, and cases cited.

For the reasons given, the judgment will be reversed, and, as it is apparent that no recovery can be had on the supposed recognizance, the cause will not be remanded.