No. 14,217.

STATE OF LOUISIANA EX REL. B. AND M. COLLETTE, APPLYING FOR HABEAS CORPUS.

### SYLLABUS.

1. Construing Article 12 of the Constitution of 1898 and Section 1007 of the Revised Statutes together, it is *held* it is only where persons convicted of crime shall have been *sentenced* to death, or to imprisonment *at hard labor,* that such persons are to be kept in confinement, notwithstanding an appeal taken in their case.

2. Where the sentence pronounced is not that of death or imprisonment at hard labor, the convict is entitled, upon application, to be released on bail pending the appeal.

3. But where an accused party has been convicted of an offense the sentence for which, yet to be pronounced, *may* be imprisonment at hard labor, he is not entitled to bail between the time of his conviction and that when sentence is to be passed.

4. The term, "imprisonment at hard labor," where used in Article 12 of the Constitution and in Section 1007 of the Revised Statutes, means imprisonment at hard labor in the penitentiary. It does not mean the work on public roads, bridges and other public works authorized by Article 292 of the Constitution.

*A. E. & O. S. Livaudais,* for Petitioner.

---

*Walter Guion,* Attorney General, and *Albert Estopinal,* District Attorney, for Frank C. Meyers, Sheriff of the Parish of Plaquemines, Respondent.

The opinion of the court was delivered by

BLANCHARD, J. The relators were convicted of petit larceny and sentenced, under Section 8 of Act No. 124 of 1874, to five months' imprisonment in the parish jail, and to work during that sentence on the public roads and other public works of the parish—the latter pursuant to the direction of Article 292 of the State Constitution.

From this sentence they prosecuted an appeal to this court and the case is on its docket awaiting determination.

After taking the appeal, they applied to the trial judge for release on bail from confinement pending the final judgment of this court on their appeal.

Being denied bail by the judge *a quo,* they apply for it here through the pending writ of *habeas corpus,* and that is the question which this proceeding presents.

*Ruling*—Section 8 of Act 124 of 1874, after defining what constitutes petit larceny, declares the same to be punishable by imprisonment in the parish prison, or in the penitentiary, at the discretion of the court, for not more than two years.

Nothing is said about hard labor, though the possible confinement in the penitentiary carries with it, as a consequence, that result. Article 12 of the Constitution of 1898 declares that:—

" All persons shall be bailable by sufficient sureties, unless for capital offenses where the proof is evident or presumption great, or unless after conviction for any crime or offense punishable with death or imprisonment at hard labor."

This provision is found in all the Constitutions of the State as far back as the year 1852, including the Constitution adopted in that year.

Following the adoption of the Constitution of 1852, the Legislature, in 1855, enacted Act No. 121 of that year, entitled "An Act Relative to Criminal Proceedings," the 32 Section of which is now Section 1007 of the Revised Statutes.

It reads:—

" In all cases where persons convicted of crimes shall be sentenced to death, or to imprisonment at hard labor, it shall be the duty of the sheriff of the court, where the sentence has been pronounced, immediately to take the person convicted into custody, and to keep him confined in the parish jail, notwithstanding any appeal or reprieve, until the final action of the Supreme Court on the appeal, or of the Senate on the reprieve."

This section of the Act of 1855 was, doubtless, passed in furtherance

of Article 104 of the Constitution of 1852—now Article 12 of the present Constitution of the State.

Construing the two together—the constitutional ·provision and the statute—we hold it is only where persons convicted of crime shall have been sentenced to death, or to imprisonment at hard labor, that such persons are to be kept in confinement notwithstanding an appeal taken in their case.

It follows that where the sentence pronounced is not that of death or imprisonment at hard labor, the convict is entitled, upon application, to be released on bail pending the final determination of his case on appeal. See State vs. Anselm, 43 La. Ann. 195; contrast Article 108 of Constitution of 1845 with Article 104 of the Constitution of 1852; see *Ex parte* Longworth, 7 La. Ann. 248.

But where an accused party has been convicted of an offense the sentence for which, yet to be pronounced, *may* be imprisonment at hard labor, he is not entitled to bail between the time of his conviction and that when sentence is to be passed upon him. State vs. Vion, 12 La. Ann. 688.

The term " imprisonment at hard labor," where used in Article 12 of the Constitution and in Section 1007 of the Revised Statutes, means imprisonment at hard labor *in the penitentiary.* It does not mean the work on public roads, bridges and other public works authorized by Article 292 of the Constitution.

It is ordered that the sheriff of the Parish of Plaquemines take good and sufficient surety from the prisoners, Baptiste Collette and Meyer Collette, each in the sum of three hundred dollars, conditioned to abide the judgment of this court on the appeal they have prosecuted from the verdict, and the sentence pronounced against them thereon, as shown by the record of the said appeal, No. 14,201 on the docket of this court, entitled State of Louisiana vs. Baptiste Collette and Meyer Collette, and to execute the said sentence by undergoing the punishment thereof in the event of the affirmance by this court of the judgment appealed from.

It is further ordered that upon furnishing such bond and security the prisoners be released from the present custody of the sheriff of the Parish of Plaquemines, to be again taken into custody by him in the event of judgment adverse to them on the pending appeal.

It is further ordered that the bonds so taken by the sheriff be returned to the court *a qua.*