TERRITORY OF OKLAHOMA, *on the relation of* CHAS. M. THACKER *County Attorney in and for Greer County, Oklahoma Territory,* v. FRANK WOODRING, A. S. WOODRING, AND J. B. WOODRING.

(Filed September 5, 1905.)

ON REHEARING

1. BAIL—By Whom Taken. Under the provisions of sec. 633 of our code of criminal procedure, Wilson's Annotated Statutes 1903, bail is permitted to be taken only by the persons or courts authorized by law to arrest and imprison offenders.

2. SAME—Power of Clerk. In the absence of an express statute, the clerk of the district court is not authorized to take bail in a criminal case, and hence any bond taken by him in such a case is void.

3. BAIL BOND—Void, When. A bond which is void under the statute, for want of authority to execute it, cannot be enforced as a common law obligation.

(Syllabus by the Court.)

*Error from the Probate Court of Greer County; before T. P. Clay, Trial Judge.*

*Chas. M. Thacker, County Attorney,* for plaintiff in error.

No appearance for defendants in error.

Opinion of the court by

HAINER, J.:    This is an action commenced in the probate court of Greer County, by the county attorney, in the name of the Territory, and against the defendants in error, on a written instrument purporting to be an apperaance or bail bond in a criminal action. This instrument reads as follows:

Territory of Oklahoma, County of Greer, ss.—District Court.

APPEARANCE BOND.

"Be it remembered, that on the 10 day of January, 1902, Frank Woodring, as principal, of Greer county and Territory of Oklahoma, and A. S. Woodring and J. B. Woodring as sureties, residents of Greer county, Territory aforesaid, appeared personally before the undersigned district clerk in and for Greer county, and jointly and severally acknowledged themselves to be indebted to the Territory of Oklahoma in the sum of one thousand dollars ($1,000.00) to be made and levied on their respective goods, chattels, lands and tenements; to be void, however, if the said Frank Woodring, defendant,

who has been committed to the common jail of Greer county, Territory of Oklahoma, shall personally be and appear before the district court of said county, on the first day of next term at 9 o'clock A. M., of said day, and from term to term and from day to day of each term, to answer a charge preferred against him for the offense of grand larceny and to do and receive what shall be enjoined by said court upon him, and shall not depart the said court without leave.

"Witness our hands and seals, this 10 day of Jan. A. D., 1902.

"FRANK WOODRING, (SEAL)

"A. S. WOODRING, (SEAL).

"J. B. WOODRING, (SEAL).

"Taken, subscribed and acknowledged this 10 day of January, 1902.

"B. D. SHEAR, Clerk.

"By O. P. ELLIOTT, Deputy."

(SEAL)

The sole question presented here is whether an appearance or bail bond in a criminal action, taken by the clerk or his deputy, is a valid and binding obligation on the principal and his sureties, or either of them. Section 633 of our code of criminal procedure, Wilson's Annotated Statutes of 1903, provides as follows:

"Bail, by sufficient sureties, shall be admitted upon all arrests in criminal cases where the offense is not punishable by death, and in such cases it may be taken by any of the persons or courts authorized by law to arrest and imprison offenders."

It will thus be seen that our statute does not, expressly or by implication, authorize the clerk of the district court, or his deputy, to take bail in criminal cases. Our statute vests this power solely in the persons or courts authorized by law to arrest and imprison persons charged with the com-

mission of criminal offenses. Before the clerk or his deputy would be authorized to take bail in a criminal case, such power must have been expressly conferred by statute. This has been the uniform holding of the courts that have passed upon this subject.

In *United States v. Hudson,* 65 Fed. Rep. 68, it was held that to make a bail bond valid, it must have been taken by competent legal authority, and that an invalid bail bond is not binding on either the principal or his sureties. To the same effect is *U. S. v. Goldstein's Sureties,* 1 Dill. 413, Fed. Cas. No. 15, 226. In *U. S. v. Horton,* 2 Dill. 94, Fed. Cas. No. 15, 393, Judge Dillon says: "It is settled that bonds are valid only when taken in pursuance of law and the order of a competent court." It is said by the court in the case of *State v. Buffum,* 2 Fost. (N. H.) 267, when speaking of the liability of sureties on bail bonds: "They are liable in any case upon the ground that they enter into a recognizance ordered by a tribunal having authority to act in the premises." "It is the essence of authority understood by the bail or surety of another that there should have been a valid obligation comprehended." (*U. S. v. Hand,* 6 McLean, 274, Fed. Cas. No. 15, 296.) "Bail taken by a court without jurisdiction, or by an officer without authority, is void." (*State v. Wininger,* 81 Ind. 51; *Dickinson v. State* [Neb] 29 N. W. 184; *State v. Jones,* 3 La. Ann. 10; *Gray v. State,* 43 Ala. 41; *Jacquemine v. State,* 48 Miss. 280; *Branham v. Com.,* 2 Bush. 3; *Com. v. Roberts,* 1 Duv. 199; *Com. v. Fisher,* 2 Duv. 376; *Dugan v. Com.,* 6 Bush, 305; *Harris v. Simpson,* 14 Am. Dec. 101; *State v. McCoy,* 1 Baxt. 111; *Wallenweber v. Com.,* 3 Bush, 68; *Williams v. Shelby,* 2 Or. 144; *Schneider v. Com.* 3 Metc [Ky.] 409; *Blevins v. State,* 31

Ark. 53; *Cooper v. State,* 23 Ark. 278; *State v. Nelson,* 28 Mo. 13; *State v. Hays,* 4 La. Ann. 59; *State v. Vion,* 12 La. Ann. 688; *Holmes v. State,* 44 Tex. 631; *State v. Berry,* 8 Me. 179; *State v. Russell,* 24 Tex. 505; *Com. v. Loveridge,* 11 Mass. 33; *Com. v. Otis,* 16 Mass. 198; *Com. v. Canada,* 13 Pick. 86; *Powell v. State,* 15 Ohio, 579; *State v. Clark,* 15 Ohio, 595; *People v. McKinney,* 9 Mich. 444.)

The same rule has been announced in *Morrow v. State,* 5, Kan. 563. Mr. Justice Valentine, in this case, uses the following language:

"It may be argued that there was evidence showing that the court deputized the clerk to take these recognizances, but this the court could not do. It may also be urged that they were taken in open court, but that would not make them any better, as they were not taken by the court. It is true that the clerk may do all the work in taking a recognizance, but it must be done in open court, under the court, by order of the court, and in the name of the court, and when the instrument itself shows that it was not so taken, it is void."

In *State v. Caldwell,* 124 Mo. 509, 28 S. W. 4, it is held that:

"A clerk of a court has no authority to take a bail bond, and a bond taken by him is not binding, though the court enter a *nunc pro tunc* order approving the same after the discharge of the prisoner." Mr. Justice Sherwood speaking for the court in this case, uses the following language. "Now, it is abundantly settled that a bond or recognizance taken in a criminal case before an unauthorized person has no savor of validity about it. (*State v. Randolph,* 26 Mo. 213; *State v. Nelson,* 28 Mo. 13; *State v. Ferguson,* 50 Mo. 509; *State v. Watson,* 54 Mo. App. 416.) Nor, where the bond or recognizance is taken before the clerk of a court, can it be afterwards validated by the entry by the

court of a *nunc pro tunc* order approving the bond. (*Morrow v. State,* 5 Kan. 563)."

In Am. & E. Enc. of Law, (2 ed.) vol. 3, page 659, the rule is thus stated: "There is no inherent power in the clerk of a court to take bail, and he cannot, in the absence of statute, be delegated so to do by the court."

But it is contended that if the bond is invalid as a statutory bond it is good as a common law bond. This contention is clearly untenable. A statutory bond which is void for want of authority to execute it, cannot be enforced as a common law obligation.. (*Dickinson v. State,* 20 Nebraska 72 Am. and Eng. Enc. Law [2 ed.] vol. 3, page 688).

It follows that the bond taken in this case by the deputy clerk of the district court is void, and therefore the court properly sustained the demurrer to the petition, on the ground that it did not state facts sufficient to constitute a cause of action. The judgment of the court below is affirmed at the cost of plaintiff in error.

All the Justices concurring.