Whitman *et al. vs.* Bullock.

---

GEORGE D. WHITMAN *et al.*, plaintiffs in error, *vs.* R. B. BULLOCK, Governor, defendant in error.

When a defendant was arrested under a bastardy warrant, and gave bond and security to appear before a Jusitce of the Peace at a future day for the hearing of the accusation contained in the warrant:
*Held*, that the bond so given was a legal and valid bond.

Suit on Bond. Amendments. Before Judge HARVEY. Walker Superior Court. June Term, 1872.

Martha J. Carson went before a Justice of the Peace and procured him to issue a warrant against Whitman, for bastardy. He was arrested by the bailiff and brought before the Justice for trial. Not being ready, he procured the case

to be continued till a day fixed, and gave bond and security for $250, payable to R. B. Bullock, as Governor of this State and his successors, conditioned to be void if he should appear before said Justice on said day to answer said charge.

He failed to appear. Suit was brought in favor of Bullock, for the use of Miss Carson, on said bond, against Whitman and his securities, averring Whitman's failure to appear as aforesaid, and that she had been compelled to spend money in support of her said bastard child.

The declaration was demurred to upon the ground that there was no authority in law for taking said bond, and that Miss Carson had no interest in it, and could not recover on it. The Court overruled the demurrer upon condition that plaintiff's counsel would strike out all the allegations making a claim for Miss Carson, and that the Solicitor General would prosecute the suit in behalf of the State. This is assigned as error.

E. M. DODSON, by WILLIAM H. DABNEY, for plaintiff in error. The Justice had no authority to take that bond : R. Code, section 4664. The amendment made a new case : R. Code, sections 3430, 3434.

No appearance for defendant.

WARNER, Chief Justice

The defendant was arrested under a bastardy warrant, issued by a Justice of the Peace, and not being ready for a hearing, the case was postponed to a future day, and the defendant gave bond and security for his appearance on the day named by the Justice, for the hearing of the charge contained in the warrant. The defendant failed to appear at the time appointed and suit was instituted on the bond, in the name of the Governor, for the use of Martha J. Carson, against the principal and his securities. There was a demurrer to the declaration, which was overruled by the Court,

and the declaration ordered to be amended by striking out the name of Mary J. Carson, the usee, to which the defendants excepted.

This was a *quasi* criminal proceeding against the defendant, for investigation before the Justice. The defendant was legally arrested and brought before him upon the accusation of bastardy, and the bond for his appearance was legally taken, in accordance with the provisions of the 4633d and 4635th sections of the Code.

Let the judgment of the Court below be affirmed.