## KOGER *v.* MAYOR AND COUNCIL OF MADISON.

Under section 698 of the Political Code, a municipal court has no authority to forfeit a bail-bond unless the proper municipal authorities have adopted ordinances for this purpose, prescribing the rules and regulations and proceedings for accomplishing this end. The fact that power is given to a municipal court to take bail for the appearance of accused persons does not necessarily imply the power of such a court to forfeit the bond. If no ordinance such as above referred to has been adopted, the remedy is to bring suit upon the bond in the proper court.

Argued June 17, — Decided July 28, 1899.

Petition for injunction. Before Judge Hart. Morgan county. May 30, 1899.

*Foster & Butler*, for plaintiff.    *W. R. Mustin*, for defendant.

SIMMONS, C. J.    It appears from the record that Overton was tried and convicted by the mayor of Madison, for the viola-

tion of a municipal ordinance. He was dissatisfied with the judgment of the mayor, and appealed to the mayor and council. The charter of the city authorizes the appeal, and authorizes the appellant to give bond and security for his appearance before the mayor and council. At the meeting of this body at which the appeal was to be heard the appellant failed to appear; whereupon a rule nisi was issued, calling upon him and his security, Koger, to show cause why the bond should not be forfeited. This was made returnable within seven days from the issuance of the rule. On the day upon which the rule was returnable the appellant did not appear, and, on motion of the surety, the case was continued until the next week. At that time the mayor and council again met, and, neither the appellant nor the surety appearing, the rule was made absolute. An execution was issued and levied upon the property of the surety, who filed an equitable petition to restrain the marshal from selling the property, on the ground that the judgment forfeiting the bond was null and void, as the mayor and council had no jurisdiction nor authority to render such a judgment; that such jurisdiction was not given them by the charter of the city; and that they had passed no ordinances providing any machinery by which the bond could be forfeited, if they had power to do so. The trial judge refused the injunction, and the surety excepted. Section 698 of the Political Code gives full power and authority to municipal corporations "to provide, by ordinance, for the forfeiture of bonds given by offenders for their appearance before municipal courts, and to provide for the collection of the same from the principal and sureties to such bonds, by judgment, execution, and sale." It was alleged in the petition and admitted by the defendants that no ordinance had been passed by the mayor and council, making any provision for the forfeiture of bonds given by offenders for their appearance at the municipal court, or for the collection of the same by judgment, execution, and sale. It seems that the mayor and council acted without any ordinance whatever. The above-cited section of the code gives them power and authority to forfeit a bond only when they shall have passed an ordinance for that purpose, providing the ma-

chinery or ways and means for accomplishing such forfeiture. It is clear, therefore, that the mayor and council were by this section given no power or authority to forfeit this bond and issue execution thereon. It was claimed by counsel for the defendants in error that the fact that the power is given to the accused to appeal, and to give bond for his appearance before the mayor and council, authorizes the mayor and council, by implication, to forfeit the bond they are authorized to receive. We know that the general rule is, that where a power has been conferred upon a court to do certain acts and the statute does not prescribe how they shall be done, the court has power, by necessary implication, as an incident to its jurisdiction, to carry into effect the power granted it. In the case of State *v.* Caldwell, 124 Mo. 509, it was held that "A court with power to take a bail-bond has jurisdiction of a scire facias proceeding to enforce the same." A reading of the case will show that this was said with reference to the criminal court of St. Louis, which was organized to try State offenses. Perhaps the rule is as stated in cases of State courts proper, where they are given the power to take bail for the appearance of the accused and nothing is said of the power to forfeit the bond in case of his nonappearance, but we think that a different rule should apply to municipal courts. These latter are courts which have jurisdiction to try only offenses against the ordinances of the city ; they have no jurisdiction over offenses against the laws of the State, and it is well settled that municipal authorities have no power except such as is given them expressly or by necessary implication. Courts organized under municipal charters have only such powers and jurisdiction "as are expressly conferred by statute or necessarily implied therefrom." Tied. Mun. Corp. §104.

"It is a well-settled rule of construction of grants by the legislature to corporations, whether public or private, that only such powers and rights can be exercised under them as are clearly comprehended within the words of the act or derived therefrom by necessary [fair and reasonable] implication, regard being had to the objects of the grant. Any ambiguity or doubt arising out of the terms used by the legislature must

be resolved in favor of the public." Minturn v. Larue, 23 How. 435. "If, upon the whole, there be fair, reasonable, substantial doubt whether the legislature intended to confer the authority in question, particularly if it relates to a matter extramunicipal or unusual in its nature, and the exercise of which will be attended with taxes, tolls, assessments, or burdens upon the inhabitants, or oppress them, or abridge natural or common rights, or divest them of their property, the doubt should be resolved in favor of the citizen, and against the municipality." 1 Dill. Mun. Corp. § 91, n. 2. Did the General Assembly of this State intend to give to the Mayor and Council of Madison power and jurisdiction to enter up a judgment against one of its citizens upon a bond given for appearance in that court? This power in municipal authorities is unusual to our system or to the system of any of the States where the common law prevails. Was there an intention to give this quasi-court jurisdiction to try a quasi-civil case and enter up judgment without regard to the amount involved? The only power given by the charter to the mayor's court is to try offenses against the ordinances of the city; nothing is hinted at in relation to civil jurisdiction. The power to forfeit bail-bonds is, as before remarked, unusual to a municipal court, and we have never heard of any municipal court, prior to the act of 1889 (Political Code, § 698), attempting to forfeit such bonds, although most of the charters have in them provisions allowing the accused to give a bond for his appearance on an appeal from the mayor's court. Is this power then to be necessarily implied from the fact that the mayor had power to take a bond for the appearance of the accused when he entered his appeal? Under the laws of Georgia a justice of the peace has power, in a commitment trial, to take a bond from the accused when he continues the case for further investigation. In the case of *Whitman* v. *Bullock*, 45 *Ga.* 173, a justice of the peace continued a case for further hearing and took a bond from the accused for his appearance. This court held that this was a legal and valid bond. The question arose upon a demurrer to the declaration in the superior court in a suit upon the bond, and the court sustained the judgment of the

lower court overruling the demurrer, thus holding that the suit upon the bond was brought in the proper court to recover the penalty. Did the fact that the justice of the peace had a right to take this bond give him, by necessary implication, jurisdiction to forfeit it and to issue a judgment thereon against the principal and his surety? We think not. So far as I know, there has never been a case in which a bond was forfeited in a justice's court in this State, resort being always had to the common-law remedy of a suit upon the bond in a court having jurisdiction. If a court had been established for the trial of offenses against the laws of the State, with the power to take bail, and there were no other mode of recovering the penalty in case of the non-appearance of the accused, the power to forfeit the bond would be raised by implication. But in a municipal court which has no kind of civil jurisdiction, where the law provides an ample remedy for the recovery of the penalty, this implication, in our opinion, would not arise. For these reasons the court below erred in refusing the injunction.

*Judgment reversed. All the Justices concurring.*