## THE STATE v. VETTE et al., Appellants.

Division Two, February 1, 1904.

1. **Bond;** TAKEN AFTER ADJOURNMENT OF COURT. A bond taken by the judge of the court in which a case is pending after its adjournment for the day, is valid and binding. (Following State v. Eyermann, 172 Mo. 294.)

2. ——: ——: "IN VACATION." The statute (sec. 4160, R. S. 1899), providing that the words "in vacation" shall be construed to include any adjournment of court for more than one day, is intended to apply wherever those words are expressly used. It does not limit the power of the judge of a court in which a case is pending to take a bond during a recess of the court.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Chas. P. Johnson* and *David Murphy* for appellants.

(1) The bond is invalid. State v. Caldwell, 124 Mo. 509; State ex rel. v. Fraser, 165 Mo. 242; State v.

Watson, 54 Mo. App. 416; State v. Field, 112 Mo. 558.
(2) When is the court in vacation? Clause 22, sec. 4160,
R. S. 1899.

*Edward C. Crow*, Attorney-General, and *Sam B.
Jeffries*, Assistant Attorney-General, for the State.

It was not necessary that the recognizance should
have been entered into in open court, but the bond may
have properly been executed on the same day before the
judge, and after the adjournment of court for the day.
State v. Eyermann, 172 Mo. 304; State v. Abel, 170 Mo.
59; State v. Woerner, 33 Mo. 216; State v. Potts, 60 Mo.
368.

FOX, J.—This is a proceeding by *scire facias* to
enforce the forfeiture of a recognizance entered into by
Harrison Woodson as principal and John H. Vette as
surety.

On June 19, 1902, the grand jury of the city of St.
Louis returned an indictment against Harrison Wood-
son and Richard McKenna, charging them with bur-
glary at the city of St. Louis, on April 17, 1902. On
the same day a *capias* was issued and returned by the
sheriff as executed by arresting the defendants, and
Harrison Woodson entered into a recognizance before
Judge Douglas of Division No. 8 of the circuit court
of the city of St. Louis on June 19, 1902, the same day
that the indictment was returned.

A severance was called for, a separate trial granted,
and the case of State v. Woodson was set for trial on
September 4, 1902, when the defendant was three times
called and failed to answer to the indictment, and so
failing, neglecting and refusing to answer, the surety
upon the bond of the defendant being also called three
times, failed to respond, but made default. The bond
was thereupon declared forfeited by the court and *scire*.

*facias* ordered, and also a *capias* issued for the defendant Vette returnable October 6, 1902.

The bond executed by defendants, which is the basis of this controversy, is as follows:

"Circuit Court of the City of St. Louis, Division No. 8.

"State of Missouri,

"City of St. Louis, ss.

"Be it remembered, that on the 19th day of June, in the year nineteen hundred and two, personally came before Walter B. Douglas, judge of the circuit court of the city of St. Louis, Division No. 8, within and for the said city of St. Louis, Harrison Woodson (as principal) and John H. Vette (as surety), and acknowledged themselves, jointly and severally, to owe to the State of Missouri, the sum of one thousand dollars, to be levied of their respective goods and chattels, lands and tenements; yet upon condition that if the said Harrison Woodson shall personally appear before the circuit court of the city of St. Louis, Division No. 8, from day to day during the present term, and on the first day of any future term, thereof, to which this cause may be continued, then and there to answer to an indictment preferred by the grand jurors of said city, against said Harrison Woodson for the offense of burglary, second degree, and larceny, and shall not depart the said court without leave thereof, then this recognizance to be void, else to remain in full force and effect.

"(Seal)          "HARRISON WOODSON,

"(Seal)          "JOHN H. VETTE.

"Witness:   A. CARR.

"Taken and certified the year and day aforesaid.

"WALTER B. DOUGLAS,

"Judge of the Circuit Court of the City of St. Louis, Division No. 8."

The controverted questions in this cause are fully disclosed by the answer of the defendants, which is as follows:

"Defendant, John H. Vette, answering to the writ of *scire facias* herein, states that there is no record of any recognizance entered into by him during the June term, 1902, as set forth in the writ of *scire facias* or otherwise.

"And said defendant, showing cause why the State of Missouri should not have execution against him, states that there is no judgment against him so far, nor can there be judgment entered against him in this proceeding because there is no record of any recognizance having been entered on the minutes of the circuit court, city of St. Louis, No. 8, although said court was in session, holding its June term for the year 1902, on the 19th and 20th days of June, 1902.

"And said defendant further showing cause why the State of Missouri should not have judgment and execution against him, states that the pretended bond on file in the case of State of Missouri v. Harrison Woodson, charged with burglary and larceny, appears upon its face to have been taken and approved by Hon. Walter B. Douglas, judge of said circuit court, on the 19th day of June, 1902, but defendant says that on said date said Hon. Walter B. Douglas had no power nor authority to take and approve such bond, for the reason that on the said date, the 19th day of June, and on the 20th day of June, 1902, said court was in its June term, and on said date there had been nor was there any adjournment of said court for more than one day; hence, said bond having been taken and approved in manner not in accordance with the statute in such cases made and provided has no savor of validity, and is void.

"And said defendant, having fully answered and responded to said writ of *scire facias,* prays to be discharged with his costs."

There is no dispute about the facts in this case. They may be briefly summarized as follows:

The defendant Woodson was indicted by the grand jury of the city of St. Louis, charged with burglary

and larceny.   During the June term of court he was arrested and on the 19th day of June, 1902, before Judge Douglas, in chambers, defendant Woodson, as principal, and John H. Vette, as surety, executed the recognizance herein set forth, and which was filed in the general office of the clerk of said court.   This recognizance was taken by Judge Douglas, who was the then judge of the court in which said indictment against Woodson was pending, and the recognizance was taken during the recess of the court.   Court adjourned on the 19th to the 20th of June.   It was after the adjournment on the 19th that this recognizance was executed, taken and approved by Judge Douglas.

There was no record entry as to the taking of this bond.

## Opinion.

It is apparent, from the record before us, that but one legal proposition confronts us, in the disposition of this cause—was the judge of the court in which the indictment against defendant Woodson was pending, authorized to take the recognizance upon which this judgment is predicated?   Or, to more clearly state the proposition, the court adjourned on the 19th of June to the next morning, the 20th of June, 1902 (not being an adjournment for more than one day) and during the recess of the court, on the 19th of June, this bond was taken by the judge of the court and filed in the clerk's office and no entry of record made in respect to the taking of it.   Does this state of the record render such recognizance void and of no effect?

The proper construction of the statute which provides for the taking of recognizance in criminal cases must be the solution of this proposition.   Section 2543, Revised Statutes 1899, provides upon this subject, that:

"When the defendant is in custody or under arrest for a bailable offense, the judge of the court in which

the indictment or information is pending may let him to bail and take his bond or recognizance.''

Section 2545, Revised Statutes 1899, provides:

''All recognizances taken in a court of record in term shall be entered of record, and all recognizances required or authorized to be taken in vacation in any criminal case, or proceeding of a criminal nature, shall be in writing, and signed by the parties to be bound thereby.''

It is earnestly contended and very ably argued that the court not having adjourned for more than one day, Judge Douglas was not empowered to take this bond on the 19th day of June, 1902; it is claimed that the bond should have been taken in open court and entered of record, unless the court was adjourned for more than one day, in which event the judge would be authorized to take the recognizance.

We are unable to agree to this contention, and are of the opinion that the position of counsel for appellant fails to find support upon a fair and reasonable construction of our statute.

Section 2543, supra, in plain and unambiguous terms, vests the power of letting to bail and taking recognizance in the judge of the court in which the indictment or information is pending. This power is not limited by any terms expressed in the section.

The evident purpose of authorizing the judge in which the indictment is pending to admit to bail, was to furnish facilities for all persons who might be charged with a criminal offense and arrested upon such charge, for promptly securing their liberty by giving bond. It was to avoid the unnecessary confinement in jail of those persons under arrest for a bailable offense, who were ready and able to give the required bond.

Take this case: the court adjourned until the 20th of June; after adjournment the defendant was ready to give his bond. Must he wait and be held in custody until the next morning, when the court is in session,

before his release can be secured? We think not. The statute must be construed to mean what it says—*that the judge of the court* in which the cause is pending may take the bond and release the prisoner from custody. This statute is broad enough to empower the judge to admit to bail and take bond in any bailable offense pending in the court of which he is judge at any time when the court is not in actual session.

The conclusion reached as to the scope of the authority granted by section 2543, supra, in no way conflicts with the provisions of section 2545, supra. When the court is in session, no one will dispute that all bonds taken must be entered of record and that is the meaning of the terms used in section 2545, "All recognizances taken in a court of record in term shall be entered of record."

The very terms used "taken in court of record in term" indicate clearly the application of the terms to those cases in which bonds are taken in open court, and should not be construed as prohibiting the judge, during the recess of the court, from exercising the power so clearly granted by section 2543.

It is insisted, however, that the power of the judge to admit to bail, in pursuance of the provisions of section 2543, supra, is limited by the terms of section 4160, Revised Statutes 1899, which provides, in one of its subdivisions:

"Whenever any act is authorized to be done by or any power given to a court, or judge thereof in vacation, or whenever any act is authorized to be done by or any power given to a clerk of any court in vacation, the words 'in vacation' shall be construed to include any adjournment of court for more than one day."

This section was never intended to limit the power of the judge in admitting to bail and taking bond under section 2543, and it is apparent that the law-making power never contemplated such a result by the enactment of it. It will be observed that section 2543 deals

with the subject in judgment before us, and its provisions are plain and unambiguous. Section 4160 very appropriately provides that, "The construction of all statutes of this State shall be by the following additional rules, unless such construction be plainly repugnant to the intent of the Legislature, or of the context of the same statute."

It will be noted that section 2543, authorizing the judge to admit to bail and take bond of prisoners in custody, does not contain the terms "in vacation," hence the rules of construction as designated in section 4160 have no application to that section.

It is significant that the terms "in vacation" were omitted from section 2543 and it must be taken to indicate that the power vested in the judge of the court, in which the cause is pending, is not restricted, and that he may, in harmony with the spirit and intent of that section, admit to bail and take recognizances during any recess of the court over which he presides.

Both sections 2543 and 4160 may stand in perfect harmony. Wherever the terms "in vacation" are used in a statute, the rules of construction as provided are applicable and doubtless the Legislature had in mind the numerous provisions of the code in which those terms are expressly used, and to those provisions such rules of construction were intended to be made applicable. For instance, section 3627, Revised Statutes 1899, provides that the judge of the court may grant injunctions; but it is followed with the express provision that he may do so "in vacation."

To the same effect are sections 4449 and 4451, Revised Statutes 1899, in respect to the power of the judge in vacation to issue preliminary writs of prohibition.

He may order change of venue in civil cases, appoint appraisers in cases of assignment, order sale of attached property, grant writs of habeas corpus, appoint successor to assignee, appoint receiver of attached property—all of these powers are vested in the judge

and each section conferring the power adds the terms "in vacation." To these provisions of the statute, it is apparent the construction of the terms "in vacation" as provided by section 4160, are applicable, and not to a section of the statute specially applicable to taking recognizances in which those terms are not used.

In State v. Eyermann, 172 Mo. l. c. 304, a similar contention was made to the one in the case at bar. Burgess, J., very clearly announced the rule as applicable to section 2543, supra. He said:

"Defendant, however, says that the bond was taken by the judge of the court, after its adjournment for the day, and is therefore void, and relies upon the case of the State v. Caldwell, 124 Mo. 509, as sustaining that contention, but that case is clearly distinguishable from the case at bar, in this: in that case, the bond was taken by the clerk who had no authority to do so, and was therefore void, while in this case the bond was taken by the judge of the court before whom the case was pending and therefore had the same binding effect in law as if it had been taken in open court, and spread upon the minutes of the clerk."

This is decisive of the controversy involved in this proceeding.

We have thus given expression to our views upon the interpretation of the sections of this statute before us, concerning the subject in dispute, which results in the final conclusion that there was no reversible error in the determination of this cause by the trial court.

The judgment should be affirmed, and it is so ordered.

All concur.