THE STATE OF MISSOURI, Defendant in Error, *v.* LEWIS C. RAILEY *et als.*, Plaintiffs in Error.

*Criminal Practice—Recognizance.*—In a recognizance taken by a justice of the peace, it is not necessary that the particular facts by which the officer acquired jurisdiction should appear upon the face of the recognizance. The taking of the recognizance itself shows that the justice had adjudged that there was probable cause to believe the defendant guilty.

*Justices' Courts—Criminal Practice.*—Where a justice of the peace takes a recognizance from a party charged with an offence, it is not necessary that the transcript of the justice's docket should show an adjudication upon the charge made.

### Error to Cooper Circuit Court.

This was a *scire facias* upon an alleged recognizance. The defendants filed two pleas: 1. That there was no such record (*nul tiel record*). 2. That the supposed recognizance was taken upon the voluntary appearance of the principal

and sureties before the justice of the peace, and without any adjudication made by the justice of the peace to authorize the taking of the same, and therefore that said supposed recognizance was void.

At the March term, 1864, the cause was, by consent, submitted to the court for trial, and the State offered as evidence the supposed recognizance, and also the transcript from the justice of the peace, which reads as follows:

"The State of Missouri v. Lewis C. Railey. The defendant appeared before me and waived an examination, and admitted that he did shoot H. E. W. McDearmon, on the 11th of May, 1861, with intent to kill; and entered into a bond for his appearance at the next term of the Circuit Court, to be holden in and for the county of Cooper and State of Missouri, on the first Monday in September, 1861, for the sum of one thousand dollars for himself, and one thousand dollars for his securities, jointly and severally, to-wit: Henry B. Brant, John Porter, Andrew Adams, Sandie Brown, John McDonald, J. K. Ragland, James M. Nelson, D. H. Gibson, and Wm. N. Ragland. Given under my hand this 13th day of May, 1861. Wm. Simpson, J. P."

The recognizance reads as follows, to-wit: "State of Missouri, county of Cooper, ss. Be it remembered, that on this 13th day of May, 1861, personally appeared before me, a justice of the peace within and for Boonville township, in the county of Cooper, and State aforesaid, Lewis C. Railey, Henry B. Brant," &c., "and acknowledged themselves to owe to the State of Missouri—that is to say, Lewis C. Railey—the sum of one thousand dollars; and the said Brant," &c., "severally and jointly, the sum of one thousand dollars, to be levied of their goods and chattels, lands and tenements, if the said Lewis C. Railey shall fail in the condition underwritten. The condition of this recognizance is such, that if the above bondman, Lewis C. Railey, shall personally appear at the Circuit Court, on the first day of the next term thereof, to be holden for the county of Cooper aforesaid, on the first Monday in September next, then and there to answer an

indictment to be preferred to the grand jury against the said Lewis C. Railey, for an assault with intent to kill, whereof he stands charged, and shall not depart the same without leave of said court, then this recognizance to be void, otherwise to remain in full force."

The State read the said transcript of the justice.

*Adams,* for plaintiff in error.

I. "The essentials of a recognizance are that it be taken by a competent court or officer in a *case existing before such authority,* and for the performonce of some act that the law allows to be secured in that way, and in the form prescribed for that purpose." (State v. Randolph, 22 Mo. 478.)

A justice of the peace has no jurisdiction to take a recognizance upon the voluntary appearance of the principal without any adjudication by the justice requiring him to give bail. It can only be done in a case properly pending before the justice, and then only upon his adjudication that an offence has been committed, and that there is probable cause to charge the defendant with such offence, and requiring him by such adjudication to give bail. (See State v. Randolph, 22 Mo. 482 ; R. C. 1855, pp. 1162–3–4 ; Practice in Criminal Cases, art. 2, §§ 12, 13, 21, 22 & 25 ; State v. McGunnegle, 3 Mo. 402.) There was no case pending before the justice who took this recognizance. The principal (Railey) voluntarily appeared, and acknowledged that he had shot McDearmon, and thereupon, without any adjudication by the justice, he and his sureties entered into the recognizance in question.

Even if the voluntary appearance of Railey created a pending case, yet there was no adjudication made by the justice upon his acknowledgment. Such acknowledgment was only evidence to be adjudicated upon. It might have been made under duress or such coercion as to render it a nullity. That was a matter for the justice to decide, yet no decision whatever was made. Before a recognizance can be taken, it must appear by the adjudication of the justice

that an offence has been committed, and that there is probable cause to charge the defendant with it. (R. C. 1855, p. 1163, §§ 21–2.)

*Welch,* Attorney General, for the State.

I. The recognizance taken by the magistrate was taken in a case authorized by law, and is valid under the law. (R. C. 1855, p. 1163, §§ 17 & 22.)

II. The recognizance was properly admitted in evidence, and the objections taken to its validity were no objections to its admissibility. The same is true of the transcript of the proceedings had before the justice. The law does not require that the opinion of the justice, " that an offence has been committed and that there is probable cause to believe the prisoner guilty thereof," should appear on the face of the transcript (sec. 22). The law only requires him, if such be his opinion, to bind the prisoner and witnesses by recognizance.

III. The case of State v. Randolph, 22 Mo. 482, relied on by defendants, has no application to this case. (S. C. 26 Mo. 213.)

BATES, Judge, delivered the opinion of the court.

This was a *scire facias* upon a recognizance taken by a justice of the peace and returned to the Circuit Court, where it was forfeited, and *scire facias* issued against principal and sureties, who pleaded, 1st, *nul tiel record;* and, 2d, that the recognizance was taken upon the voluntary appearance of the principal and sureties before the said justice of the peace, and without any adjudication made by him to authorize the taking of the same.

At the trial, execution was awarded against the defendants, who have brought up the case by writ of error. The transcript of the docket of the justice is as follows:

" State of Missouri, v. Lewis C. Railey. The defendant appeared before me and waived an examination, and admitted that he did shoot H. E. W. McDearmon, on the 11th day

of May, 1861, with intent to kill, and entered into bond," &c. It is now claimed by the plaintiffs in error, that, to authorize the justice to take the recognizance, there should have appeared an adjudication by him that an offence had been committed, and that there was probable cause to believe the defendant guilty. There is no question but that the recognizance was taken by a competent officer, for a lawful purpose, and in sufficiently good form. It is not necessary that the particular facts by which the officer acquired jurisdiction to take the recognizance should appear upon it. The recognizance itself shows a charge that a crime had been committed by the defendant, and the statute does not require that any record should be made of the justice's adjudication that an offence had been committed, and that there was probable cause to believe the defendant guilty.

The justice's docket, though not showing an adjudication by the justice, shows an actual admission of the defendant that the crime had been committed, and not merely that there was probable cause to believe him guilty of it, but a direct and unequivocal admission of his guilt.

The defence made is not meritorious and is not supported by the letter or spirit of the law.

Judgment affirmed. Judge Dryden concurs; Judge Bay absent.