STATE OF MISSOURI, Respondent, *vs.* O. D. WILCOX, *et al.*, Appellants.

1. *Criminal law—Assault, recognizance for—Waiver of examination—Signature of bond.*—Where one is arraigned before a justice of the peace for assault, and *scire facias* issues on a forfeited recognizance of defendant to appear in the Circuit Court: *Held,*

1st. The transcript sent up by the justice need not state that defendant waived an examination, or that the officer gave judgment of committal against him.

2nd. The signature of defendant, placed in the body of the recognizance above the condition thereof, instead of at the bottom of the instrument, does not avoid the bond.

### *Appeal from Holt Circuit Court.*

*Zook & Van Buskirk, with T. H. Parrish.* for Appellants, cited in argument State vs. Randolph, 22 Mo., 478, and contended that State vs. Bailey, 35 Mo., 168, did not apply.

*James Limbird,* for Respondent, cited 7 Wend., 345.

WAGNER, Judge, delivered the opinion of the court.

Upon complaint duly filed, Wilcox, the defendant, was arrested and taken before a justice of the peace, for an assault to kill his wife. He entered into a recognizance, with the other defendants, to appear before the Circuit Court to answer any indictment which the grand jury might find against him. At the next succeeding term of the Circuit Court he was indicted by the grand jury, but he failed to appear and the recognizance was forfeited. A *scire facias* was then issued upon application of the State, and at the return term, the defendants interposed a demurrer which was overruled, and they elected to abide by the same. An appeal was taken from the judgment thereon.

The grounds relied upon for a reversal, are that the recognizance was not taken by a court or officer having the right to take the same, and that the recognizance was not signed by the defendants.

The first objection is based on the fact that the magistrate does not state in his transcript that the defendants waived an examination or that he gave judgment of committal against

State v. Wilcox, et al.

him. It is only necessary to refer to the cases of the State vs. Bailey, (35 Mo., 168) and the State vs. Rogers, (36 Mo., 138) to show that there is no force in this objection.

The second reason assigned is, however, more difficult. The justice certifies that the defendants appeared before him and acknowledged that they owed and stood indebted to the State in the sums therein specified; but they signed their names in the body of the bond, before the condition of the same and there were no signatures at the bottom.

The statute declares that: "All recognizances required or authorized to be taken in any criminal proceedings, in open court, by any court of record, shall be entered on the minutes of such court, and the substance thereof shall be read to the person recognized. All other recognizances in any criminal matter or proceeding of a similar nature, shall be in writing and shall be subscribed by the parties to be bound thereby." (Wagn. Stat., 1118, § 16.)

Undoubtedly the usual way of subscribing to an instrument is by placing the name or signature at the bottom of it; and that is the usual mode practiced and most certainly contemplated by the statute. But does it follow that where a person signs an instrument, the simple placing of his name in the wrong place will necessarily vitiate it?

In the case of Reed vs. Drake, (7 Wend., 346), it was decided that where an obligor signs his name in a bond above the condition thereof, the bond is valid, and the condition is as much a part of the instrument as if the signature was at the foot of it. The essential thing to give validity to the instrument is, that the obligors should sign or subscribe their names to it. This manifests their willingness to be bound. Whilst properly their signatures should be at the foot, yet if their names are placed somewhere else, though actually signed by them, I am not prepared to say that the bond will be absolutely void.

I think the judgment should be affirmed, all the other judges concur.