The State v. Hoeffner.

---

THE STATE OF MISSOURI, Respondent, v. GEORGE HOEFFNER, Appellant.

St. Louis Court of Appeals, April 21, 1891.

1. **St. Louis Court of Criminal Correction:** PROCEEDINGS ON RECOGNIZANCES. The St. Louis court of criminal correction exercises the dual function of an examining magistrate and of a trial court. In every case which it has the jurisdiction to try, it may take the recognizance of the accused for his appearance, and declare a forfeiture thereon, and award execution on the forfeiture, in like manner and with like effect as the St. Louis criminal court. In other cases, to-wit, in cases of felony, it can act as examining magistrate only, take such recognizance, and, in case the accused fails to appear at the time specified, may enter a default against him, but thereon it must certify the recognizance with the record of such default to the St. Louis criminal court.

*Per Thompson, J., dissenting:*

2. ——— : ———. Even in case of felony, wherein the judge of the St. Louis court of criminal correction acts in open court as an examining magistrate and takes a recognizance for the appearance

of the defendant, that court may not only declare a forfeiture of the recognizance but also award execution thereon ; it need not send any part of its record to another court for proceedings on the default.

*Appeal from the St. Louis Criminal Court.*—HON. J. C. NORMILE, Judge.

REVERSED AND REMANDED (*with directions*).

*Robert W. Goode*, for appellant.

*Ashley C. Clover*, Prosecuting Attorney, for respondent.

ROMBAUER, P. J.—One Jakob was arrested on a charge of felony upon an information filed by the assistant prosecuting attorney of the St. Louis court of criminal correction. He appeared before the judge of that court and entered into a recognizance, with the defendant Hoeffner as surety, to appear before the court on a day named to answer the charge. On the day named he failed to appear, and the court entered a default against him, and a judgment of forfeiture against him and the defendant on the recognizance, and, having done so, sent the transcript of the record to the criminal court for further proceedings. The criminal court thereupon ordered a *scire facias* to issue against the defendant returnable on a day therein named. The defendant failing to appear on the return day of the writ, the court rendered judgment against him for the penalty of the recognizance and ordered execution. The defendant thereupon appeared and moved to quash the execution on the ground, that the court of criminal correction had no power to take a recognizance in a case of felony, but, if it had, the power to collect the amount of the forfeited recognizance vested exclusively in that court, and the criminal court had no jurisdiction in the premises. This motion was overruled, and the defendant appealed to this court.

The St. Louis court of criminal correction exercises the dual functions of an examining magistrate and of a trial court. It has original jurisdiction to hear and determine cases of misdemeanor in the city of St. Louis, and such jurisdiction in most cases is exclusive. In cases of felony the judge is an examining magistrate merely, and the fact, that the power exercised by him in those cases is exercised by the court, can in no sense enlarge that jurisdiction. The judge has power to take recognizances both as a judge and as a court; *and in all cases within its jurisdiction* the court has power to declare forfeitures of such recognizances, and award executions upon such forfeitures in like manner and with the same legal effect, as the St. Louis criminal court is authorized to do. R. S. 1889, secs. 7, 13, 17, pp. 2153, 2154.

In regard to examining magistrates the law provides that, upon a charge of felony, they shall cause the accused to be brought before them; that they may adjourn the hearing, and in the meantime, if the offense is bailable, recognize the prisoner to appear at a future day. In case the prisoner recognized fails to appear on the day named, they must enter a default against him, and certify the recognizance with a record of such default to the court having cognizance of the offense *charged* against the person so recognized. R. S. 1889, secs. 4021, 4028, 4029.

It will be thus seen that the proceedings of the court of criminal correction were erroneous in any view of the case. They cannot be justified on the ground that it acted as ·an examining magistrate in the premises, because in that event it should have simply entered the default on the recognizance, and certified it with the record entry of such default to the criminal court. Nor can they be justified on the ground that it acted under the provisions of section 17 of the act creating it, because, if it had power to declare a forfeiture under that section, it was its further duty to proceed by *scire*

*facias* and execution to enforce its judgment. The statute, as well as its judicial construction, recognize a distinction between a default upon a recognizance, and a judgment of forfeiture after default. *State v. Railey*, 35 Mo. 168; *State v. Mackey*, 55 Mo. 51; *State v. Wilcox*, 59 Mo. 176; *State v. Millsaps*, 69 Mo. 359. This necessitates a reversal of the judgment, since the action of the criminal court, based upon the erroneous action of the court of criminal correction, cannot be upheld in any view of the case.

The further question then arises what action should have been taken in the case by the court of criminal correction, and what disposition should be made of the record before us. We are of opinion that section 17, which gives to that court power to forfeit and collect recognizances *in all cases within its jurisdiction*, has reference solely to the cases wherein the jurisdiction of the court is that of a trial court upon the merits. The term *jurisdiction*, in the connection in which it is used, can certainly have no application to a case of felony, of which that court has no other jurisdiction than any other examining magistrate. It is the offense *charged*, which gives final jurisdiction of forfeitures on recognizances in these cases to one court or the other. There is nothing in the language of the section opposed to this view, while the fact that, in all cases of felonies, the officers of the criminal court are the fiscal accountants of the state, gives additional force to it.

We conclude that so much of the judgment entry made by the court of criminal correction, as declares a default, was proper and justified, but that so much thereof as declares a forfeiture was beyond the jurisdiction of that court, and a mere nullity. The criminal court should, therefore, proceed with the cause, as if it had been certified to it, with an entry of default only. It should proceed to enter its own judgment of forfeiture thereon, and enforce the same by *scire facias* and execution.

The State v. Hoeffner.

The judgment is reversed and the cause remanded, with directions to the criminal court to proceed in conformity with this opinion. Judge Biggs concurs. Judge Thompson, while concurring in the reversal, dissents from the directions given.

Thompson, J. (*dissenting*).—I do not concur in the foregoing opinion. By the second section of the statute relating to the St. Louis court of criminal correction, the powers of a court of record are ascribed to that court in the broadest language. The section is as follows: "Said court of criminal correction shall be a court of record, and shall possess all the powers, and perform the duties, and be subjected to the restrictions, of a court of record, according to the laws of this state." 2 R. S. 1889, sec. 2, p. 2152.

By section 7 of the statute, the powers of an examining magistrate are conferred upon the judge, but he is required to exercise such powers *as a court*, and while sitting as a court and in no other manner. This section, so far as material to this inquiry, is as follows: "And in cases of felony he shall have and may exercise all the powers of an examining magistrate; but all complaints or information and affidavits setting forth the offense in preliminary examinations of felony in said court, as well as in cases of misdemeanor, shall be prepared or approved by said prosecuting or said assistant prosecuting attorney, or the person for the time being acting as such, and shall be sworn to before the clerk of said court, and all warrants and processes in such cases shall be issued under the hand of the clerk of said court, with the official seal of said court thereto affixed, and such examinations shall be conducted during the open session of said court." 2 R. S. 1889, sec. 7, p. 2153. This section it is perceived, speaks of "preliminary examinations of felony *in said court*." Moreover, it calls into requisition all the machinery of the court, as fully as the machinery of any court of

record ever is or can be called into requisition in such a case.   The complaints and informations must be issued by the prosecuting attorney ; must be sworn to before the clerk ; all process must be issued by the clerk, and under the seal of the court ; and all examinations must be conducted during the open session of the court. This language is, to my mind, utterly incompatible with the conclusion, that, in exercising this function, the judge acts merely *ex officio*, and as a justice of the peace.

Section 17 of the same act is as follows : "Said court shall have the power to take recognizances in all cases within its jurisdiction, to declare forfeitures of the same, and award executions upon such forfeitures, in like manner and with the same legal effect as the St. Louis criminal court is authorized to do." 2 R. S. 1889, sec. 17, p. 2155.   I am of opinion that the case prescribed in section 7, where the judge acts as an examining magistrate in open court, is a case within the jurisdiction of the court, and not merely within the powers of the judge, within the meaning of this section.

Being of this opinion, I cannot understand upon what theory or conception it can be held that a court, possessing, by a broad and extensive grant, the powers of a court of record, and obliged to perform a certain function as a court, and sitting as a court and having the power to take recognizances in all cases within its jurisdiction, to declare forfeitures of the same, and to award executions thereon, should be obliged to send any part of its record to *another court of record*, in order to have any part of this last function performed.   I, therefore, dissent from the foregoing opinion ; and am of opinion, that the judgment of the criminal court should be reversed, and that the case should be remanded to that court, with directions to remand the record of the St. Louis court of criminal correction to that court, to be there proceeded with in conformity with the views herein expressed.