STATE OF MISSOURI, Respondent, v. GEORGE HOEFFNER, Appellant.

St. Louis Court of Appeals, November 12, 1895.

St. Louis Court of Criminal Correction: JURISDICTION TO ENTER JUDGMENT ON RECOGNIZANCE. The St. Louis court of criminal cor_rection has no power to enter judgment on a recognizance taken by it, when the recognizance is given to answer to a charge of felony.

*Appeal from the St. Louis Court of Criminal Correction.* HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

*Harvey & Hill* for appellant.

*Thos. E. Mulvihill* for respondent.

BOND, J.—Andrew Connor was charged, by information filed in the St. Louis court of criminal cor-

rection, with personating another living person at an election. He was arrested and gave bond in the sum of $500, with defendant as his surety, to answer said charge. On the eighth of April, 1895, a forfeiture was taken upon said bond for the nonappearance of the principal, and *sci. fa.* issued against him and defendant as his surety. Upon the return of the *sci. fa.*, judgment was rendered against defendant for $500 according to the tenor of said bond, and execution ordered. From this judgment defendant appealed to this court, and assigns as error that the court had no jurisdiction to adjudge a forfeiture of the bond signed by him and to render judgment thereon, or order execution.

The act of the legislature, under which defendant's principal was charged, makes the offense therein defined punishable by imprisonment in the penitentiary, and, therefore, a felony. The St. Louis court of criminal correction has no jurisdiction to try felonies. In respect to such offense it can exercise only the functions of an examining magistrate, with power to bind over the party charged. To this end said court may take a sufficient bond or recognizance, and, upon default of the recognizor, it should enter such default and certify the recognizance with a record of the entry of default to the St. Louis criminal court, where a forfeiture may be adjudged and judgment rendered for the penalty with an award of execution. *State v. Hoeffner*, 44 Mo. App. 543. The St. Louis court of criminal correction is only empowered by statute to declare forfeiture and enter final judgments *in all cases within its jurisdiction.* R. S. 1889, p. 2155, section 17.

As the offense for which defendant became bail in the present case was not one within the jurisdiction of that court, it had no power to render the judgment on the bond signed by defendant under the above statute.

The result is that the judgment of the St. Louis

court of criminal correction is reversed and the cause remanded, to be proceeded with in conformity with this opinion.   All concur.