STATE BANK OF SUGAR CREEK, RESPONDENT, v. VANCE ANDERSON, APPELLANT.—36 S. W. (2d) 138.

Kansas City Court of Appeals.   March 2, 1931.

*R. J. Smith* for appellant.

No brief for respondent.

ARNOLD, J.—This is an appeal from the action of the trial court in overruling defendant's motion to quash an execution.

The cause originated by the filing of a suit in replevin in the court of a justice of the peace of Kaw Township, Jackson County, Missouri, outside the districts of the regularly elected justices of the peace of said township. There was a judgment for plaintiff which, on appeal, was sustained by the circuit court where the cause was tried. In due time an execution was issued out of the office of the circuit clerk and placed in the hands of the sheriff for collection. Defendant then filed his motion in the circuit court to quash the execution upon the grounds that the justice of the peace, before whom the original suit was heard, failed to enter judgment in the cause, and there is no record of any judgment ever having been rendered and entered on any records of said justice court; that, thereafter an appeal was granted and said justice certified in his transcript of record that a judgment had been entered by him on February 6, 1925, when, in truth and in fact, no such judgment had been entered; that the justice by whom the original judgment is claimed to have been entered, to-wit, W. J. Cairns, "was appointed by the then County Court of Jackson County, Missouri, a justice of the peace in and for Kaw Township, in said Jackson County, to hold court and live in that part of said Kaw Township outside of the regular districts of the eight salaried justices of peace, all as established and authorized by the statute law of this State in such cases made and provided; that said Justice Cairns never resided in the district or territory for which he was so appointed a justice of the peace and kept all his records and maintained his only office in the Ridge Building in Kansas City, Missouri, and in the confines of the district for which the Honorable George F. Roach was duly elected, qualified and officiating justice of the peace in and for said Kaw Township, during all the times herein mentioned; that the action of said Justice Cairns in so maintaining his office and keeping his official records and files outside of the district for which he had been so appointed and assuming to act and perform the duties of said office rendered all his said acts so done and performed illegal, void and of no effect; that all the acts and things so done and performed by said Justice Cairns in this cause were and are for this reason illegal and void."

The motion charges the judgment and all acts and proceedings so held, done and performed by said Justice Cairns, are totally illegal and void, and therefore the said circuit court, by the said appeal, took no jurisdiction of this cause, and the execution aforesaid should be quashed. Testimony was heard by the court on said motion which was overruled, and defendant has duly appealed.

Defendant introduced but two witnesses and plaintiff none. John W. Wofford, deputy county clerk for the records of the county, identified the order of appointment by the county court of W. J. Cairns,

120

as justice of the peace; the same was introduced in evidence, and is as follows:

"COMMISSION.

"Granted to W. J. Cairns.

"State of Missouri, County of Jackson, ss:

"It appearing to the court from the petition this day filed by divers citizens, each of them qualified voters of Kaw Township, Jackson County, Missouri, that they each live more than five miles from the nearest Justice of the Peace in said township:

"It is therefore ordered that the said W. J. Cairns be this day appointed as a Justice of the Peace, in said Kaw Township, Jackson County, Missouri, to reside and hold office outside of any of the eight districts of the Justice of the Peace, in said Kaw Township, for a term expiring on the general election in the year when Justices of the Peace shall be next elected for said Township, as provided by law, at which time said office shall become vacant without any further act of the court.

"In testimony whereof, I, Miles Bulger, presiding judge of the County Court have hereunto set my hand and affixed the seal of said court at office in Kansas City, Missouri, this ninth day of November, A. D. 1922.

"(Seal)                                    "MILES BULGER,
"Attest: PETER J. KELLY,                       "Presiding Judge."
"Clerk of County Court."

The record discloses that W. J. Cairns duly qualified under said certificate of appointment and commission.

M. B. Ferguson, testifying for defendant, stated he had been clerk for justices of the peace since 1913, and that he was clerk for justice of the peace W. J. Cairns all the time he was such justice; that said Cairns kept his records in the Ridge Building, 911 Main Street, Kansas City, Missouri, and this location is within the lines of Justice Roach, an elective justice in said township; that witness wrote all the records for Cairns in said Ridge Building, and none anywhere else; that all the records were kept, and all processes issued there. Witness could not remember specifically whether the records in the case at bar were written there; did remember he had searched for half a day for the record in this case but could not find it. When witness was asked if he had found any judgment written up, objection was made by defendant and was sustained upon the ground there was in the files a transcript showing the cause was tried on February 6, 1925, both parties being present. Witness then testified he did not find any docket entry of a judgment in the case. The following then occurred:

"THE COURT: Now, this transcript shows that this case was heard before Justice Cairns, both parties being present on February 6th, 1925.

"MR. SMITH: Yes, sir.

"THE COURT: And judgment rendered on the same day.

"MR. SMITH: It was rendered, but it was never entered and they cannot show it was ever entered.

"MR. JENKINS: You mean you cannot find the docket.

"MR. SMITH: You cannot either.

"THE COURT: And afterwards on the 7th of February an appeal bond was offered and approved and appeal granted and the order sets out on the transcript that this case with all papers ordered sent to the clerk of the Circuit Court of Jackson County, Missouri, at Kansas City, signed by Justice W. J. Cairns, Justice of the Peace. Now, sometime in 1926, this appeal was heard by Judge Dew. I don't know whether both parties were present or not.

"MR. JENKINS: Yes, they were. It was tried out.

"THE COURT: I think the judgment was affirmed, was it?

"MR. JENKINS: Well, no, it was tried out and judgment rendered for the plaintiff by Judge Dew and then I think your Honor, was his successor, heard the motion for a new trial, and it went to the court of appeals.

"THE COURT: The motion will be overruled."

Plaintiff has not favored us with a brief. There is but one assignment of error, to-wit, the trial court erred in overruling defendant's motion to quash the execution, and this is treated under three sub-headings: (1) The justice court and therefore the circuit court had lost jurisdiction of this cause through Justice Cairns' failure to enter a judgment on his docket. (2) The justice court and therefore the circuit court lost jurisdiction through Justice Cairns' issuing and keeping all papers, processes and records of this cause in the Ridge Building office, outside the district for which he was commissioned, and inside the district of one of the eight justices of the peace from which he was barred by the terms of his commission. (3) The entire proceeding was illegal and void, the circuit court acquiring only the jurisdiction the justice court had when the case was appealed, and the final judgment is void because jurisdiction had been lost by said Justice Cairns.

Directing our attention to the first subdivision of the charge of error, it is the law that a justice of the peace must keep a docket, and section 2727, Revised Statutes 1919 (Section 2177, Revised Statutes 1929), provides for and specifies the entries to be made therein. However, it must be held there is no proof, as shown by the record, that Justice Cairns failed to make the entry of judgment herein in his docket kept for such purpose. There was a transcript showing judgment was rendered and upon this the trial court based its ruling on the motion to quash the execution. Under these facts the court may not be convicted of error for that reason.

Subdivision 2, of the assignment charges, in effect, Justice Cairns was without territorial jurisdiction to try the case for the reason that he kept all papers, processes and records in this cause in his office in the Ridge Building, outside the district for which he was commissioned and inside the district of one of the eight justices of the peace from which he was barred by the express terms of his commission. The testimony tends to show that said justice did keep his papers and records at his office in the Ridge Building and there issued processes and perfected his records; that all the official acts in connection with this case were there performed. The contention of appellant. therefore, must be upheld. The law is now well settled in this State that an appointive justice of the peace whose commission limits his acts to a certain territory may not perform any official acts outside such territory; and any acts so attempted are void. It is also the law that in a case appealed from a justice court, the jurisdiction of the circuit court is derivative and grows out of the appeal, and the circuit court in such a case has no more jurisdiction than had the justice of the peace. [Altergott v. O'Connor, 6 S. W. (2d) 1012; Travellant v. Kelly-Reppert, 16 S. W. (2d) 709; McKenna v. Wittman, 25 S. W. (2d) 541.]

Under the testimony of record herein and the law applicable thereto, it must be held the circuit court was within jurisdiction to render judgment in this cause and the judgment rendered was void. The court erred in overruling defendant's motion to quash the execution issued upon such void judgment.

The judgment is reversed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.