STATE of Missouri, Respondent,

v.

Jackie Freeman ANDERSON, Defendant,
and
United Bonding Insurance Company, a Cor-
poration, Surety, Appellant.

STATE of Missouri, Respondent,

v.

Martin Lee DAIGLE, Thomas Don Haskins,
and John Phillip Parker, Defendants,
and
United Bonding Insurance Company, a Cor-
poration, Surety, Appellant.

Nos. 52166, 52167.

Supreme Court of Missouri,
Division No. 1.

April 10, 1967.

**162**

Dan Bollow, Shelbyville, for respondent.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

WELBORN, Commissioner.

This is an appeal from a judgment of forfeiture of bail bond of four defendants on which the appellant, United Bonding Insurance Company, was surety.

In July, 1965, Martin Lee Daigle, Thomas Don Haskins, John Phillip Parker and Jackie Freeman Anderson, each as principal, and United Bonding Company, as surety, executed four separate bail bonds for $4,000 for the appearance of the principals in the Shelby County Magistrate Court to answer a charge of burglary in the second degree.

Daigle, Haskins and Parker failed to appear for their preliminary hearing and their bonds were ordered forfeited by the magistrate. The forfeiture was followed by a motion for judgment, which resulted in a judgment in the magistrate court on November 12, 1965 in favor of the state and against the principals and surety. The surety appealed to the circuit court. After a hearing, the circuit court affirmed the judgment of the magistrate court.

At the outset of our consideration of the appeal from the judgment involving these bonds, we note a jurisdictional question not raised by appellant. In those cases, the judgment was entered originally in the magistrate court. The circuit court's jurisdiction on the appeal was derivative. If the magistrate court lacked jurisdiction to enter its judgment, the circuit court acquired no jurisdiction on the purported appeal. Hoover v. Abell, Mo.App., 231 S.W. 2d 217, 222–223[7–10]; State Bank of Sugar Creek v. Anderson, 225 Mo.App. 118, 36 S.W.2d 138, 140[2–4].

Magistrate courts are courts of limited jurisdiction. They possess only those powers expressly granted by statute. No presumption or inference may be invoked to enlarge this jurisdiction, and they cannot take powers by implication. Bauer v. Rutter, Mo.App., 256 S.W.2d 294, 295 [1].

§ 543.380, RSMo 1959, V.A.M.S., authorizes the magistrate court to enter judgment upon forfeited recognizances in misdemeanor cases. By § 544.330, when a person recognized in a felony fails to appear

before a magistrate according to the condition of the recognizance, the magistrate is authorized to record the default. However, by that section the magistrate is not authorized to enter judgment upon the default. The magistrate is required to "certify the recognizance, with a record of such default, to the court having cognizance of the offense charged against the person so recognized, and the like proceedings shall be had thereon as upon breach of condition .of a recognizance for appearance before said court."

■ Such procedure should have been followed in the case with respect to the default before the magistrate. The magistrate court had jurisdiction only to record the default, but not to enter judgment thereon. State v. Hoeffner, 63 Mo.App. 409; State v. Hoeffner, 44 Mo.App. 543.

In State v. Caldwell, 124 Mo. 509, 28 S.W. 4, it is stated that, "if [a] court possessed jurisdiction to take a recognizance, it follows, as night follows day, that it had the right to take such further steps as would render the recognizance effectual. The rule is universal in its operation that the grant of power or jurisdiction carries with it as inevitable incidents all matters necessary to crown the grant with ultimate effectuation." 28 S.W. l.c. 5. In view of the limited jurisdiction of the magistrate court and the express statutory direction of the action to be taken by that court in the event of default upon a recognizance in a felony case, the principle enumerated in State v. Caldwell, supra, is not applicable.

■ We also note that the motions in the magistrate court state, as their basis, Criminal Rule 32.12, V.A.M.R. That rule does appear to authorize the court in which the default occurs to enter judgment upon the security given for the appearance of the defendant. However, that rule cannot enlarge the jurisdiction of the magistrate court, which must depend upon legislative enactment. § 20, Art. V, Const. of Mo.1945, V.A.M.S.

■ We, therefore, conclude that, as to the judgments involved in No. 52,167, the magistrate court lacked jurisdiction to enter them and that consequently the circuit court acquired no jurisdiction on the appeal. Such judgments are, therefore, void. The judgment affirming them must be reversed with directions to dismiss the respondent's motion. Kansas City Sanitary Co. v. Laclede County, 307 Mo. 10, 269 S.W. 395, 397 [3].

Anderson's default occurred in the circuit court. We, therefore, examine the assignments of error as they affect the judgment in Cause No. 52,166.

Anderson appeared for his preliminary hearing, but failed to appear at the first day of the next term of the circuit court, October 4, 1965, to answer an information filed against him. His bond was ordered forfeited and a motion for judgment upon it filed. This motion and the appeal from the magistrate court were heard as a consolidated action.

The answer of the surety alleged that Anderson was confined in the county jail at Sacramento, California; that the defendant was, by reason of his arrest elsewhere, prevented by state action from appearing; that the surety had made all reasonable steps to secure the presence of the defendant; that a detainer could be placed upon him so that he would not escape prosecution; that the failure of the defendant to appear was not the fault of the surety and that the surety would bear the cost of returning the defendant; that justice would best be served by setting aside the forfeiture.

At the circuit court hearing, on March 15, 1966, Mr. Paul Gearheart, the surety's general agent for Missouri and Kansas, and Mr. R. E. McDowell, Missouri agent for the company who executed the bonds in its behalf, testified in behalf of the surety.

Mr. Gearheart attempted to testify, based upon knowledge "through my company or my personal office records," concerning the whereabouts of the principals. An objection that such testimony was hearsay was sustained. An offer of proof was made to the effect that the witness would testify, based upon "communication with his office and his office function [as] the manager of the bonding company in two states, that Anderson is confined in the penitentiary in the State of Oregon; * * *." Objection to the offer of proof was sustained. No objection is here made to the court's ruling.

Mr. Gearheart testified that, by letter dated October 2, 1965, he had notified the prosecuting attorney of Shelby County of the whereabouts of the four defendants. The letter read in part:

"In regard to these criminal cases mentioned below I do not have their numbers, but their names are as follows: Jackie Anderson, John Parker, Martin Daigle, and Tom Hoskins. All of these defendants are incarcerated in other jurisdictions, and if I understood you right when I was there, you said that if the defendants were incarcerated in other jurisdictions, you would place a detainer and not foreit (sic) or at least you would not demand a judgment.

"In any event, I will give you the defendants' locations so that you may place your detainer on them. When they are released from that jurisdiction, we will pay the expenses of returning them to your county for trial.

"Here are the names and places of each defendant:

"Jackie Anderson—Sacramento California—County Jail.
"Tom Hoskins—Sherman Texas—County Jail.
"John Parker—Arkadelphia Arkansas—County Jail.
"Martin Daigle—Pontiac Michigan—County Jail.

"If there is some other procedure that you wish me to follow, please advise and I will do whatever is necessary in regard to these cases."

When the prosecuting attorney objected that the portion of the letter stating the whereabouts of the defendants was hearsay and that other portions were self-serving, the surety's counsel stated that one purpose for offering the letter was to show diligence on the part of the surety. The court admitted the letter for such purpose, alone. No objection is here made to the court's ruling.

Further on the issue of diligence, the witness testified that the surety's general agent in New Orleans "put a stop [order] on [the defendants'] F.B.I. jackets." The significance of this effort was not explained. The witness also testified that "inquiries" were placed "in a little magazine that goes out to all the bonding companies." The witness could not recall the exact name of the publication, but said that it was a national magazine. The magazine itself was not produced.

Witness McDowell testified that he was the agent on a bond for Anderson in Clay County, Missouri, and that he had requested a "hold" be placed on Anderson through the sheriff of Clay County. The sheriff of Shelby County was also called as a witness by the surety. The sheriff testified that he had not "had an occasion to contact anyone regarding placing a 'hold' on [the defendants]."

Other evidence will be discussed in connection with some of the points raised by appellant here. No evidence was offered by the state.

A judgment was entered against the principal and surety for $4,000 on each of the four bonds. After the surety's motion for new trial had been overruled in all cases, this appeal followed.

On this appeal, appellant objects to the trial court's exclusion of three pieces of documentary evidence, which, it contends, were admissible as business records. We here consider only the one relating to Anderson. Witness Gearheart testified that he was in charge of the local records of the appellant which were kept by him in the regular course of his business at his office in Kansas City, Kansas. The appellant then sought, through Gearheart, to introduce into evidence a document taken from such records. The document, identified as a copy from the witness's files, was described as a communication from the State of Oregon regarding Anderson, and also "regard" Daigle. In identifying the document, the witness stated: "[A]h, well, this doesn't say who it is to." The exhibit was a one-page Xerox copy. The paper contains no letterhead. On the left side, the following typewritten notations appear:

        "Bobbie Ray Anderson
         Arr.  8–21–65  D.U.I.L.  State # 27
         Rel.  9–5–65  T.O.T.  State of Oregon

        "Bobbie Ray Anderson
         Arr.  8–23–65  No Opr. Lic.  State #27
         Rel  9–5–65  T.O.T.  State of Oregon

        "Martin L Daigle
         9–1–65  Possession of Narcotics  #27
         Bound over to Circuit Ct.
         10–7–65        Moore

        "Martin L. Daigle
         Arr.  8–21–65  D&D  #27
         Trial  9–10–65  Judge E. Leib"

Below is what appears to be a rubber stamped notation:

        "OAKLAND COUNTY SHERIFF'S DEPT.
         FRANK W. IRONS, SHERIFF
         104 WAYNE STREET
         PONTIAC, MICH."

The right side of the sheet is a photo copy of an envelope, bearing the return address "FRANK W. IRONS SHERIFF COUNTY OF OAKLAND PONTIAC MICHIGAN 48058." The address on the envelope is "Wayne County Probation Dept. Recorders Court 1321 St. Antoine, Detroit, Mich.  Attn. M. Chodak."

On this appeal, the appellant asserts that the trial court erred in refusing to admit these documents into evidence, contending that they should have been admitted by virtue of the Uniform Business Records as Evidence Act.  §§ 490.660–490.690, RSMo 1959, V.A.M.S.

The act did not authorize the reception of this document as evidence. The witness who sought to identify it stated only that the original was contained in the files of the surety. That identification wholly failed to qualify the document as admissible under the Business Records Act. The document obviously was not a record made in the regular course of the surety's business. It was merely found in the surety's files, having been prepared elsewhere. The Uniform Business Records as Evidence Act did not aid its admissibility.

Appellant's next contention is that the state was estopped to enforce the for-

feiture of the bond because the prosecuting attorney had told the surety he would not seek judgment on the bond if the defendant was confined in another jurisdiction. The evidence may not have warranted a finding of any agreement to such effect on the part of the prosecuting attorney. In any event, the fact remains that the surety offered no admissible evidence at the trial of an essential basis for the alleged estoppel, i. e., that the defendant was confined elsewhere. The letter from the surety to the prosecuting attorney, purporting to give the whereabouts of the defendants, was not admitted for proof of the truth of such statement. The offer of proof by way of oral testimony was excluded. Here, no effort has been made to show that the court's ruling in either regard was erroneous. The objection to the court's exclusion of tendered documentary evidence has been considered and found without merit. The result is that there was no evidence before the trial court from which it could find that the condition purportedly relied upon by the surety had occurred.

■ In connection with this matter, the appellant asserts as error the court's rejection of a letter from the Shelby County prosecuting attorney to the surety in which the prosecuting attorney stated that he had been in error when he told the representative of the surety that, in his opinion, Texas authorities would not forfeit a bond of Anderson on which the appellant was surety, if Anderson was confined in Missouri at the time he was to appear in Texas. This letter, in fact, tends to confirm the idea, advanced in the prosecuting attorney's cross-examination of the appellant's witnesses, that any conversation with the prosecuting attorney was related to the surety's desire to secure Anderson's release in order to fulfill the obligation of the Texas bond, and that the matter of nonforfeiture related

to what Texas officials might do. It certainly did not tend to prove the agreement allegedly relied upon by the surety that the prosecuting attorney would not enforce the Shelby County bonds. The letter was of no probative value insofar as the surety was concerned and its exclusion was not error as to it.

■ The final contention of the surety is that the circuit court abused its discretion in adjudging forfeiture. Relying on State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927, the appellant states that it has been diligent in seeking the return of the defendant and that the state, as shown by its failure to place a detainer on the defendant, has been more interested in the bond forfeiture money than in the return of the defendant. Appellant contends that, in these circumstances, the exercise of sound judicial discretion requires the setting aside of the forfeiture, "even assuming appellant did not introduce evidence to establish the defendants were elsewhere confined." Clearly, there could be no abuse of judicial discretion in entering judgment of forfeiture where the surety has failed to produce evidence which would authorize a finding that the nonappearance of the defendant was due to matters beyond the control of the surety.

The judgment in No. 52,166 is affirmed. The judgment in No. 52,167 is reversed with directions to dismiss respondent's motion.

HOUSER, and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.